BLAKE A. HARWOOD *vs.* JOSEPH SIPHERS.

Kennebec.    Opinion January 5, 1880.

*Warrant—form of.   Exception.   Waiver.*

A warrant, wherein the only description of the accused is, "a person whose name is unknown but whose person is well known, of Vassalboro, in the county of Kennebec," is too defective in matter of substance to afford any protection to the officer who makes an arrest upon it.

Such a warrant is too defective to be aided by any waiver in pleading.

A point not covered by the bill of exceptions, cannot be raised at the argument before the law court.

ON EXCEPTIONS, to the rulings of Whitehouse, justice of the superior court in and for the county of Kennebec.

TRESPASS to recover damages alleged to have been sustained by being arrested and imprisoned by the defendant.

It was admitted that the defendant was a deputy sheriff of the county, duly qualified.

In justification of the acts complained of the defendant read in evidence a certified copy of a warrant issued by the judge of the police court of the city of Gardiner in said county of Kennebec dated October 2, 1878, which, with the complaint therein referred to, the officer's return thereon, and the doings of said police judge are parts of the case.

The only description of the accused contained in the complaint (to which the warrant referred) or in the warrant, is, "a person whose name is unknown but whose person is well known, of Vassalboro, in the county of Kennebec."

Defendant contended that said complaint and warrant were sufficient authority for him to do all that he did do and relied upon the same as a complete justification for all acts proved to have been committed by him, in the premises.

The presiding judge ruled that said warrant was insufficient to authorize the arrest and detention of the plaintiff, and that the same did not contain any sufficient description of the person whom the officer was commanded by the magistrate to arrest.

"That the warrant held by the officer at that time of which this is a certified copy was not legal and sufficient upon its face, it was

not .sufficient to protect the officer, and therefore the arrest was unauthorized and the detention comes within the ordinary definition of false imprisonment."

To so much of the charge of the judge as is above specified and all other statements in relation to the legality and sufficiency of said warrant, the defendant excepted.

The presiding judge also instructed the jury, *inter alia*, as follows :

It is the duty of a magistrate when he issues a warrant for the arrest of any person and for crime in this state, to insert in the mandatory part of his warrant, a sensible intelligible description of the person, if he is not known by name. Either to insert the name of the person whom he has commanded the officer to arrest or insert an intelligent description, as far as the circumstances and situation will admit, in order that the officer may know whom he is commanded to arrest ; and that the person whose liberty is threatened, when he is informed by the officer that he has a warrant against him, may know whether he is required to submit to the arrest, or whether he would be justified in resisting the arrest.

I instruct you that there should be a sensible and intelligible description of the person whom the officer was commanded to arrest, in the warrant itself ; and that this warrant does not contain any sufficient description of the person whom this officer was commanded by the magistrate to arrest. . . .

It is the mandatory part of the warrant, what the command in the warrant says, which gives the warrant its efficacy. It is upon that, and by the force of that, that the officer seeks to justify himself. I therefore give you this instruction as matters of law ; that this warrant, the warrant held by the officer at that time, of which this is a certified copy, was not legal and sufficient upon its face, although issued from a court of competent jurisdiction, it was not sufficient to protect the officer, and therefore that the arrest was unauthorized and the detention comes within the ordinary definition of false imprisonment. The only question, therefore, submitted to you, and upon which you have to pass, is one of damages.

*Bion Wilson,* for the plaintiff.

*L. Clay,* for the defendant, cited on the point of waiver by pleading the general issue before the magistrate, 1 Chit. Cr. L. 39, 44. Davis Cr. Jus. 17. *Turns* v. *Com.* 6 Met. 225, 236. *State* v. *Carver,* 49 Maine, 588, and cases there cited.

SYMONDS, J. The defendant is a deputy sheriff, who is sued in this action for an illegal arrest and false imprisonment of the plaintiff. He justifies under a warrant from the police court of the city of Gardiner, issued upon complaint made by himself against the present plaintiff for larceny. The only description of the accused in the complaint or warrant is in the following terms: "a person whose name is unknown but whose person is well known, of Vassalboro, in the county of Kennebec."

The presiding judge ruled that a warrant containing only this description of the accused, although issuing from a court of competent jurisdiction, failed upon its face to afford protection to an officer who arrested and detained a prisoner upon it.

We think the ruling was correct. The knowledge of the complainant of the person intended by the warrant does not aid a defect in it. The averment of such knowledge, therefore, cannot supply any deficiency otherwise existing. This is substantially a warrant against a resident of Vassalboro whose name is unknown; without further designation or description.

. "No warrant to search any place, or seize any person or thing, shall issue without a special designation of the place to be searched, and the person or thing to be seized." Const. of Maine, article 1, § 5.

The warrant in this case is in accordance neither with the requirements of the constitution nor with the precedents of the criminal law.

"If the name of the party to be arrested be unknown, the warrant may be issued against him by the best description the nature of the case will allow." 1 Chit. Cr. L., 39. *Com.* v. *Crotty,* 10 Allen, 404.

The omission of the name, as a means of identification, is justified only on the ground of necessity; and when this is not known the warrant must indicate on whom it is to be served in some other way, by a specification of his personal appearance, his occu-

pation, his precise place of residence or of labor, his recent history, or some facts which give the special designation that the constitution requires.

The conclusion from all the authorities, as given in Bishop on Criminal Procedure, § 680, is, "that, both at the common law and in conformity with our constitutional guaranties, proceedings may be instituted and carried on against an offender whose name cannot be ascertained; but, in such a case, such a description of him must be given as will point to his identity, while yet there is no exact form of the description required. It must be suggested by the particular circumstances; and of course it must conform also to any statutory provisions which may exist in the individual state."

The warrant in this case was so irregular and insufficient upon its face as to afford no protection to the officer who proceeded to make an arrest upon it.

It is claimed in the argument that by pleading the general issue before the magistrate in Gardiner, the plaintiff waived the informality in the warrant, and cannot now re-assert, in his action against the officer, any rights based upon such defect.

There is a discrepancy in the statement of the case on this point. By the record of the police court, it appears that the plaintiff was arraigned, pleaded not guilty, and was discharged after an examination of the case.

In the judge's charge—which is made a part of the case as stating substantially the facts relied upon by each party—it is said the plaintiff was brought before the magistrate, notified there was no evidence against him, and accordingly discharged.

Whatever the fact in this respect may be, we are satisfied that the question of the effect upon the present suit of a plea of not guilty in the police court, is not one that is reserved upon the exceptions. "The defendant contended," the exceptions state, "that said warrant and complaint were sufficient authority for him to do all that he did, and relied upon the same as a complete justification for all acts proved to have been committed by him in the premises." It was to the ruling upon this point "and to all other statements in relation to the legality and sufficiency

of said warrant," that exceptions were taken and allowed. This reserves no question as to the effect of the general issue pleaded in the lower court.

It is not doubted that by such a plea all objections to matters of form in the warrant would be waived. *State* v. *Regan*, 67 Maine, 380.

As was said in a civil case—*Trull* v. *Howland*, 10 Cush. 113 —"it may be difficult to draw the line with precision between cases which are to be held of no validity by reason of entire failure to describe the party, and those which are properly cases of misnomer, or erroneous description of a part of the name of the defendant."

While we do not regard it as a matter presented for our determination in the present case, we entertain no doubt that this warrant falls within the former class and was too defective in matters of substance to be aided by any waiver in pleading.

*Exceptions overruled.*
*Judgment on the verdict.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.