RUSSELL CLAYTON *v.* S. WALTER SCOTT, DANIEL C. CARPENTER, AND JAMES W. CARPENTER.[*]

*False Imprisonment.   Justification under Process.*

In an action of trespass for false imprisonment, an officer cannot justify under an execution regular upon its face, where he commits the debtor in a different county from the one in which the arrest is made, when there is a legal jail in the latter county, although the commitment be made in the county commanded in the execution.

THIS was an action of trespass for false imprisonment. The trespass complained of was, that the defendants arrested the plaintiff in Windham county, wherein there was a legal jail, and imprisoned him in a jail in Bennington county. The defendants severally pleaded *not guilty*, and the defendant Daniel C. Carpenter, justified as constable of Readsboro, under an execution in favor of the defendant Scott against the plaintiff, issued by the county court of Bennington county, and regular upon its face, whereby, for want of goods, &c., the officer was commanded to

. *This case was tried at the February term, 1872.

Clayton v. Scott et als.

take the body of the plaintiff and him commit to the keeper of the jail in Bennington or Manchester, in the county of Bennington. The plea did not allege that at the time of said arrest there was no legal jail in the county of Windham.

The plaintiff joined issue on the pleas of *not guilty*, and demurred generally to the plea of justification.

The court, at the April term, 1871, BARRETT, J., presiding, overruled the demurrer, *pro forma*, and adjudged the plea sufficient, and rendered judgment for all the defendants,—the court suggesting that the sufficiency of said plea should be determined by the supreme court before the expense of a jury trial was incurred. Exceptions by the plaintiff.

*Chas. N. Davenport* and *A. Stoddard*, for the plaintiff.

I. The defendant had no right to imprison the plaintiff elsewhere than in the county jail of Windham county, the county in which the arrest was made. The statute is explicit and peremptory : " Whenever any officer, or other person authorized by law to serve any writ, warrant, execution, or process, is required by law to commit any person to jail, such commitment shall be made in the county in which the arrest shall be made, unless otherwise directed by law." Gen. Stat. ch. 33, § 59. The only exception is where there is no legal jail in the county where the arrest is made ; then the commitment may be made in an adjoining county, where there is such jail. Ib. ch. 33, § 60.

The defendants' counsel probably rely upon the principle that a process, issuing from a court of competent jurisdiction, regular upon its face, is a sufficient justification to the officer who executes it. We concede that this principle is well supported by authority. *Hatch, ex parte*, 2 Aik. 28 ; *Gage* v. *Barnes*, 11 Vt. 195 ; *Churchill* v. *Churchill*, 12 Vt. 661. In *Churchill* v. *Churchill*, a case quite as strong as the defendants will probably be able to find, Judge COLLAMER says : " An officer is always protected when he serves a process issuing from competent authority, or more properly, when upon the face of the precept the officer cannot perceive a want of jurisdiction." There could have been no difficulty in this officer perceiving that the command in

this precept was in conflict with the statute. He found the plaintiff at his residence in Windham county. The statute commanded him to commit to the jail in Windham county. The precept commanded him to commit to either jail in Bennington county. Could any thing be more obvious than that the authority issuing the precept had no jurisdiction to override the statute ? So much of this process as authorized the officer to disregard the statute, is irregular and void, and it is no answer to say that the officer may have been ignorant of the statute. An officer is bound to know the law ; and when the warrant on the face of it appears to be illegal, and he executes it, he is liable to the person arrested. *Gramon* v. *Raymond*, 1 Conn. 48 ; *Lewis* v. *Avery*, 8 Vt. 287.

II. This process gave the officer authority to levy upon the plaintiff's body, in default of payment. When arrested, his duty was to commit him in Windham county. Had he done so, this process would have been a full and complete protection and justification *for him*. But when he transported the plaintiff out of the county, and imprisoned him elsewhere, he became a trespasser *ab initio*. This unlawful act divested him of the authority with which the execution had clothed him, and the act assumed the same character, and involved the same consequences, as if he had no process, and no official authority. 1 Smith Lead. Cas. 166 ; *Lamb* v. *Day et al.* 8 Vt. 407 ; *Piersons* v. *Gale et al.* Ib. 509 ; *Bond* v. *Wilder*, 16 Vt. 393 ; *Nelson* v. *Denison*, 17 Vt. 73 ; *Abbott* v. *Kimball et al.* 19 Vt. 551 ; *Hall* v. *Ray*, 40 Vt. 576 ; *Kenerson* v. *Bacon*, 41 Vt. 573, 579.

*James W. Carpenter*, for the defendants.

It was the duty of the defendant Daniel C. Carpenter, as constable of Readsboro, to receive all writs and precepts, and execute and return the same according to the directions thereof. Gen. Stat. 86, 88, 115, §§ 4, 20, 79 ; Acts of 1869, 38, § 1 ; *Stoddard* v. *Tarbell*, 20 Vt. 321 ; *Chase* v. *Plymouth*, Ib. 469 ; *Hill* v. *Pratt*, 29 Vt. 119. And he would be liable to fine and damages for refusing. Gen. Stat. 88, § 21. All writs shall run into any county or place in this state, and may be there served and executed. Gen. Stat. 289, § 6.

The opinion of the court was delivered by

ROYCE, J. This case was tried in the court below upon a general demurrer to the defendant Daniel C. Carpenter's second plea. The plea does not attempt to justify the trespass complained of upon any other ground than that he was obeying the command of the precept set out in the plea. That precept appears to be legal in form, and the officer could, no doubt, have justified under it, if he had executed it in the manner required by law. The declaration charges that the defendant arrested the plaintiff in Putney, in the county of Windham, and imprisoned him in the jail in Bennington, in the county of Bennington, when there was a lawful jail at Newfane, in the county of Windham. The statute provides, ch. 33, § 59, that, "whenever any officer, or other person authorized by law to serve any writ, warrant, execution or process, is required by law to commit any person to jail, such commitment shall be made in the county in which the arrest shall be made, unless otherwise directed by law." Section sixty provides that, " if there shall not be a legal jail in the county where such arrest may be made, such commitment shall be made in an adjoining county where there is a legal jail."

The fact that there was a legal jail in the county of Windham, where the arrest was made, is not denied in the plea, and it was clearly the duty of the officer to have committed the plaintiff to that jail, unless the command in his precept to commit him to the jail in Bennington or Manchester, in the county of Bennington, is to be regarded of paramount obligation to the requirements of a statute law of the state. We do not so regard it. All that is required of an officer is, that he shall execute his precept according to law ; and when he violates the law in its execution, he cannot justify under it. So that, admitting all that is stated in the plea, it furnishes no justification for the trespasses complained of in the declaration. And the judgment of the county court, that the plea was sufficient, is reversed, and cause remanded.