GILOWSKY VS. CONNOLLY, JR.

*September 19 — October 10, 1882.*

*Constitutional law — Justices of the peace — Jurisdiction in criminal cases.*

Under the constitution of this state the legislature may deprive justices of the peace in cities and villages of jurisdiction in criminal cases and vest that jurisdiction exclusively in other tribunals.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to recover damages for a false imprisonment. The complaint alleges that the plaintiff was arrested under a warrant issued by the defendant, a justice of the peace in the city of Milwaukee, upon a complaint charging the plaintiff with the commission of an assault and battery; that he was taken before the defendant for trial; that he objected to the jurisdiction of the defendant to try him for such offense, but the objection was overruled, and he was found guilty and fined by the defendant; and that by reason of the issuance of the warrant by the defendant and the arrest thereunder, the plaintiff was imprisoned, detained and re-

strained of his liberty for the space of one hour, to his damage, etc.    The defendant demurred generally to the complaint, and appealed from an order overruling the demurrer.

*C. K. Martin,* for appellant.
*Henry L. Buxton,* for respondent.

COLE, C. J.   The learned counsel for the defendant well states the question in this case to be this:   Did the defendant, as a justice of the peace in the city of Milwaukee, have jurisdiction to hear, try and determine a charge for assault and battery which was committed within the county of Milwaukee?   If not, the demurrer to the complaint, it is admitted, was properly overruled.

Sec. 2499, R. S., continues the municipal court of Milwaukee county — as it had before been established — as a court of record; vests in it the powers and jurisdiction concurrent and equal with the circuit court of the county, in all cases of crimes and misdemeanors arising in the county, with exclusive appellate jurisdiction in all criminal cases tried before justices of the peace elected in the towns of the county.   It is further provided that "no justice of the peace or court commissioner within said city shall exercise any jurisdiction in any criminal cases, but all such jurisdiction is vested in said court and the judge thereof."   The question involved is the validity of this clause of the statute quoted.   The defendant's counsel insists that it is unconstitutional, and he has enforced his views in an able and elaborate argument. While we readily admit that the question is not free from difficulty, still for reasons — some of which will be given — we are constrained to hold against his views.

The argument founded on the constitution and statutes is briefly this:   By the seventh article of the constitution judicial power is vested in certain courts, among which are justices of the peace.   In the fifteenth section of that article

it is provided that the electors'of the several towns, at their annual town meeting, and the electors of cities and villages, at their charter elections, shall, in such manner as the legislature shall direct, elect justices of the peace. "The justices thus elected shall have such civil and criminal jurisdiction as shall be prescribed by law." Now, by the general statute, justices of the peace have power and jurisdiction throughout their respective counties to hear, try, and determine the offense of assault and battery. Secs. 4739, 4388. From these constitutional and statutory provisions counsel argues that it is not competent for the legislature to confer upon one court a judicial power which the constitution vests in another court, unless the authority to do so is conferred by the constitution itself; and, conversely, that the legislature cannot deprive any court of its right to exercise a judicial power which the constitution vests in it.

The soundness of this general reasoning may be conceded. At the same time it will be observed that the constitution declares that justices shall have such civil and criminal jurisdiction as shall be prescribed by law. The constitution does not attempt to define the extent of the jurisdiction which shall be exercised by justices of the peace. It is not claimed that the jurisdiction of the justices of the peace, when once fixed, is unchangeable, and that the laws which have enlarged their powers from time to time were violations of the constitution. No such position could be successfully maintained, because the legislature manifestly is vested with some discretion as to the extent of jurisdiction which they shall exercise. But it is said that it is the obvious intention of the constitution that justices of the peace should exercise both civil and criminal jurisdiction to some extent, and that it is the scheme or policy of that instrument that their jurisdictional authority should be equal and uniform throughout the state. It would be difficult to establish the position that the constitution, either expressly or by direct implication, re-

quires that justices of the peace in every town and city in the state should exercise the same measure of jurisdiction. That is really the question in debate. Uniformity of jurisdiction may be desirable in these, as well as in other inferior tribunals. As a rule it has been observed by the legislature in regard to justices of the peace. But is uniformity demanded by the constitution as to these courts? The rule of uniformity is not observed in respect to county and municipal courts, as an examination of the statutes will show.

It is not necessary in this case to affirm the proposition that the legislature could deprive justices of the peace of all jurisdiction, civil and criminal, did it elect to do so. Counsel says it is absurd to suppose the framers of the constitution would carefully secure to the people of the state the election of justices of the peace in cities, villages and towns; fix their term of office, and then give the legislature in that instrument power to divest these officers of all jurisdiction whatever. If the legislature should pass a law depriving justices of the peace of all jurisdiction in both civil and criminal cases, it is safe to predict the validity of such an enactment would not go unchallenged in the courts. Such a law would doubtless be assailed as an evasion of the constitution; a poor subterfuge to nullify one of its provisions. See *State v. Goldstucker*, 40 Wis., 124. But the precise question which we have now to determine is whether the legislature, under the constitution, may deprive justices of the peace in cities and villages of jurisdiction in criminal matters, and vest that jurisdiction exclusively in police and municipal courts. As I have said, to my mind the question is not free from doubt, but I am inclined to uphold such a power on the part of the legislature. One weighty consideration which induces me to do so is the fact that the legislature, almost from the organization of the state government, has enacted such laws. Such a contemporaneous exposition of the constitution is surely entitled to great weight. When

the constitution was adopted, the police justice of the city of Milwaukee had sole and exclusive jurisdiction to try criminal cases in the city (see sec. 16, Charter of 1846), though justices of the peace were elected in the different wards; and this fact was doubtless understood by the framers of the constitution. See, also, sec. 14, ch. 3, Charter of 1852.

In the organization of villages and cities from time to time the legislature generally has vested exclusive jurisdiction in criminal cases in police justices or municipal courts, and the practice has not been challenged, so far as we are aware. Cases have even come to this court which involved the question as to the validity of charters, giving exclusive jurisdiction in criminal cases arising within the municipality to police justices, and such charters have been sustained *sub silentio.* *Owens v. State,* 27 Wis., 456; *Klaise v. State,* id., 462; *State v. Bartlett,* 35 Wis., 287; *City of Boscobel v. Bugbee,* 41 Wis., 59; *State v. Allison,* 47 Wis., 548. Now, in view of the fact that the legislature has, almost from the very adoption of the constitution, assumed the right to deprive justices of the peace, in cities and villages, of jurisdiction in criminal cases, and to confer that power exclusively on other tribunals, and this legislation has not been questioned until now, I feel it my duty to sustain it, although I have some doubt as to its validity; for it is a maxim of our jurisprudence that an act of the legislature is not to be declared void except where it plainly violates a provision of the constitution. This cannot be said of the provision of the statute in question.

It follows from these views that the order of the circuit court must be affirmed.

*By the Court.*— Order affirmed.