GELZENLEUCHTER, Appellant, vs. NIEMEYER, Respondent.

*October 14— November 3, 1885.*

*False imprisonment: Justification: Void warrant.*

In an action for false imprisonment the defendant cannot justify his participation in the arrest and detention under a warrant issued by a magistrate unless such warrant was valid on its face.

APPEAL from the Circuit Court for *Columbia* County. The case is thus stated by Mr. Justice CASSODAY:

" The complaint alleges in effect that November 13, 1883, the defendant, at Columbus, Columbia county, maliciously, and with force and arms, assaulted the plaintiff, and, with intent to injure him, directed, caused, and procured him to be forcibly, and against his will, arrested, imprisoned, and restrained of his liberty for the space of six hours, without

any reasonable or probable cause whatever, and without any right or authority so to do, to his damage, etc. The answer justifies the arrest and imprisonment as being duly and lawfully made by the deputy sheriff of that county, under and by virtue of a criminal warrant duly and lawfully issued by a justice of the peace of that county, the body of which warrant is as follows:

"'Whereas, *Hy. W. Niemeyer* has this day made complaint, on oath, in writing, to the undersigned, a justice of the peace for said county, that *John Gelzenleuchter* did, on the 9th day of November, A. D. 1883, at the city of Columbus, in said county, unlawfully and maliciously use in reference to this complainant, and in the presence of John A. Kitzerow, abusive language, by calling the complainant 'a swindler,' which language naturally tended to provoke a breach of the peace, against the peace and dignity of the state of Wisconsin, and prays that the said *John Gelzenleuchter* may be arrested and dealt with according to law. Now, therefore, you are hereby commanded forthwith to apprehend the said *John Gelzenleuchter* and bring him before me, to be dealt with according to law. Given under my hand at Columbus this 9th day of November, 1883.'

"The plaintiff, on being brought before the justice, pleaded to the charge, procured an adjournment, and was released on his own recognizance; and on the adjourned day he was tried and found not guilty.

"On the trial of this action the plaintiff put in evidence to the effect that the complaint upon which the criminal warrant was issued, and therein mentioned, was made, signed, and sworn to by the defendant in this action, November 9, 1883; that said complaint was then filed with and by the justice, who thereupon issued the criminal warrant mentioned, reciting substantially all that is contained in the complaint, and delivered it to the defendant; that the defendant's attorney delivered the criminal warrant to the

deputy sheriff, who arrested the plaintiff thereon, as stated, and kept him under arrest thereon for about three hours; that on the day the defendant made the complaint for the criminal warrant before the justice, he violently, and without any cause or provocation, assaulted, struck, kicked, and greatly injured the plaintiff. At the close of the plaintiff's testimony the court granted a nonsuit and dismissed the action, and from the judgment entered thereon the plaintiff brings this appeal."

For the appellant there was a brief signed by *J. C. McKenney*, counsel, and *J. J. Sutton*, attorney, and oral argument by *Mr. Sutton*.

For the respondent there was a brief signed by *Geo. W. Stephens*, attorney, and *P. G. Stroud*, of counsel, and oral argument by *Mr. Stroud*. Besides the cases commented upon in the opinion, they cited *Bonesteel v. Bonesteel*, 28 Wis. 245, 253.

CASSODAY, J. The attempt was made, as it is claimed, to prosecute the plaintiff for the violation of sec. 4398, R. S. It is not claimed that the plea of not guilty and adjournment before the justice was any waiver of the question of jurisdiction. It clearly was not within the rule stated in *Steuer v. State*, 59 Wis. 472. The learned counsel for the defendant frankly concedes that the complaint made by the defendant before the justice charges no offense whatever, and that the warrant issued thereon, reciting the complaint, charges no offense whatever; and hence that the warrant is absolutely void upon its face,— especially within the rule announced by this court in *Steuer v. State, supra*. With equal frankness the same counsel also concedes that the evidence in the record tends to show that the defendant maliciously made the complaint, and that he received the warrant from the justice, delivered it to his attorney, who delivered it to the officer for the purpose of having the

plaintiff arrested thereon; and that the plaintiff was arrested and imprisoned thereon for the space of three hours. The counsel for the defendant also concedes that had the defendant caused the plaintiff to be arrested upon a void process in a civil action, then he would have been liable therefor in an action for false imprisonment, as this clearly is, even though he acted in good faith. But counsel ingeniously contends that "an action for false imprisonment cannot be maintained against a party who makes, or attempts to make, a criminal complaint to a magistrate, upon which the magistrate causes an arrest by issuing his warrant, whether the facts stated constitute an offense or not." In support of this contention he cites several authorities, English and American.

A careful reading of these cases discloses the fact that they are all distinguishable. In *Beaty v. Perkins*, 6 Wend. 382, both the warrant and the complaint upon which it was issued seem to have charged an offense, and of course it was held that the party making the complaint was not liable in trespass. In *Stewart v. Hawley*, 21 Wend. 552, the constable who made the arrest was the party who made the complaint to the justice, and it was held that an action of trespass or false imprisonment could not be maintained against him or the justice, and this was put on the ground that the recitals in the complaint and warrant presented " a case within the jurisdiction of the justice, and which called for the exercise of his judicial functions, and if so, though he may have erred, he is not liable." Page 556. Chief Justice NELSON said: "I cannot agree with the plaintiff that the facts are so barren as not to lay the foundation for jurisdiction, or that the decision was so gross as to afford evidence *per se* of the influence of bad motives." In *Von Latham v. Libby*, 38 Barb. 345, the opinion of the court expressly states that " the only connection of the defendants with the arrest or detention of the plaintiff . . . is that

they stated their case to the magistrate, charging the plaintiff with a misdemeanor upon the facts which they swore to, and asked for his arrest;" and for that reason it was held that they were not liable for false imprisonment. Several of the other cases relied upon by counsel are to the same effect, as in *Murphy v. Walters*, 34 Mich. 180; *Grinham v. Willey*, 4 Hurl. & N. 496; *Barber v. Rollinson*, 1 Cromp. & M. 330; *Carratt v. Morley*, 1 Q. B. 18; *West v. Smallwood*, 3 Mees. & W. 418. The true distinction is sharply made in the last two cases cited. In *West v. Smallwood* the warrant of arrest was without jurisdiction, and it was held that a party merely making a complaint before a magistrate on a subject over which he has general jurisdiction is not liable to false imprisonment; but it was held that the fact that the complainant accompanied the constable charged with the execution of the warrant " was evidence to go the jury of a participation in the arrest." In *Carratt v. Morley* the former was arrested on a warrant issued on a judgment by default, in a civil action in favor of the latter, but Morley in no way participated in making the arrest. Carratt then brought an action of trespass for false imprisonment against Morley, the six commissioners who ordered the warrant to be issued by their clerk, and the officer making the arrest. The commissioners were without jurisdiction. Lord ABINGER thought that Morley was "not liable, inasmuch as he had only stated his case to the commissioners, who proceeded to adjudge upon it," but was in doubt as to the commissioners and the officer, and "leave was therefore reserved to move for a nonsuit generally, and on the other hand for a verdict against all the defendants except" Morley. The court of Queen's Bench, per Lord DENMAN, C. J., held that they were all liable except Morley.

Such are the authorities upon which we are asked to sustain the nonsuit. It will be observed that none of the cases cited go to the extent of holding that a warrant void upon

its face is a defense in an action of false imprisonment for one who participated in making the arrest. On the contrary, two of the cases squarely hold that such void warrant is no protection to such a person in such an action. Had the defendant done nothing more than to have sworn to the complaint before the justice, he would not, under these authorities, have been liable in this action. But here there is some evidence tending to prove that after the warrant was issued the defendant did participate in making the arrest. The distinction between false imprisonment and malicious prosecution was indicated in *Murphy v. Martin*, 58 Wis. 279. In that case it was held that the fact that the warrant upon which the arrest was made was void on its face was not available to the plaintiff in an action for malicious prosecution, but only in an action for false imprisonment. If the imprisonment is under legal process, but the action has been commenced and carried on maliciously and without probable cause, it is malicious prosecution. *Ibid.; Elsee v. Smith*, 2 Chit. 304; *Nebenzahl v. Townsend*, 10 Daly, 236; *Brown v. Chadsey*, 39 Barb: 260–263. In such an action the imprisonment cannot be false, for it is upon lawful process, and hence by lawful authority. False imprisonment, on the other hand, is a trespass committed against a person by unlawfully arresting and imprisoning him without any legal authority. *Ibid.;* 2 Add. Torts, 798; *Bourden v. Alloway*, 11 Mod. 180; *Burns v. Erben*, 40 N. Y. 463; *Lock v. Ashton*, 12 Q. B. 871. Thus the arrest of the right person by the wrong name, through a misnomer in the process, without an allegation that the true name is unknown, is false imprisonment. *Hoye v. Bush*, 1 Man. & G. 775; *Scheer v. Keown*, 29 Wis. 586. Where, in an action for false imprisonment, the arrest and detention is admitted, and the only justification relied upon by a defendant having participated therein is that such arrest and detention were under a warrant issued by a magistrate, it must appear, in

order to be available, that such warrant was valid upon its face. *West v. Smallwood*, 3 Mees. & W. 418; *Carratt v. Morley*, 1 Q. B. 18; *Grumon v. Raymond*, 1 Conn. 40; *Poulk v. Slocum*, 3 Blackf. 421; *Vaughn v. Congdon*, 56 Vt. 111; *Hoye v. Bush*, 1 Man. & G. 775; *Blythe v. Tompkins*, 2 Abb. Pr. 468; *Flack v. Harrington*, 12 Am. Dec. 170; *Gold v. Bissell*, 1 Wend. 210; *S. C.* 19 Am. Dec. 480; *Floyd v. State*, 54 Am. Dec. 250; *Mitchell v. State*, id. 253, and notes to cases; *Smith v. Shaw*, 12 Johns. 257; *Miller v. Adams*, 52 N. Y. 409; *Abbott v. Booth*, 51 Barb. 546; *Harwood v. Siphers*, 70 Me. 464; *Gorton v. Frizzell*, 20 Ill. 291; *Sheldon v. Hill*, 33 Mich. 171; *Green v. Elgie*, 5 Q. B. 99. There must not only be a jurisdiction of the subject matter, but also a jurisdiction of the process. *Grumon v. Raymond, supra; Vaughn v. Congdon, supra.* A warrant absolutely void upon its face, as the one before us is conceded to be, is necessarily a nullity,— mere waste paper,— and hence, in an action of false imprisonment, can afford no protection to one participating in making an arrest under it.

The evidence tending to show that the defendant participated in making the arrest after the warrant was issued is weak, but we think it was sufficient to take the case to the jury.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.