LUECK, Respondent, vs. HEISLER and another, Appellants.

*April 14 — May 1, 1894.*

*False imprisonment: Malicious prosecution: Evidence: Champerty.*

1. A warrant of arrest for obtaining goods on false pretenses, which shows that the complainant (from whom the goods were obtained) well knew at the time the falsity of such pretenses, is bad on its face and is no protection to the officer making the arrest.

2. The officer in such case is liable for false imprisonment, and may also be liable for malicious prosecution: and the two causes of action may be joined in the same complaint.

3. The use of criminal process for the purpose of collecting a debt is malicious prosecution.

4. Where the officer serving criminal process is a party to its unlawful use for the purpose of collecting a debt, he is liable for malicious prosecution.

5. The fact that a criminal prosecution was instituted for the purpose of collecting a debt is sufficient proof of the want of probable cause.

6. It is no defense to an action for malicious prosecution that the complaint made by the prosecutor failed to state any offense and that the warrant issued thereon was void.

7. Where a criminal prosecution has been long abandoned because the warrant was bad upon its face and the complaint upon which it was issued did not state any offense, it may be held to have terminated, for the purposes of an action for malicious prosecution, although the warrant has never been returned by the officer who made the arrest.

8. The advice of the magistrate who issued the warrant is irrelevant on the issue of want of probable cause, where he is not shown to be either learned in the law or a person admitted to practice.

9. The refusal to allow the defendant to show on cross-examination of the plaintiff that the action is being prosecuted under a champertous agreement is not an abuse of discretion, although such evidence is competent if offered at the proper time.

10. Failure to give special instructions which have not been asked for is not error.

APPEAL from the Circuit Court for *Waushara* County. The action is for false imprisonment and for malicious prosecution. The plaintiff owed a small debt for goods to

a firm of which the defendant *Heisler* was a member.   On October 25, 1892, *Heisler* made a complaint to a justice of the peace, whereby he intended and attempted to charge the plaintiff with the crime of having obtained such goods by means of false pretenses.   The justice issued a warrant upon such complaint, which he placed in the hands of the defendant *Schluckebier*, who was a deputy sheriff, to be served.   *Schluckebier* arrested the plaintiff, and after a short detention let him go, because he was advised by a lawyer that his warrant was defective.

That part of the complaint and warrant which sets out the offense complained of is as follows: "That *G. Lueck* did, on the 3d day of October, A. D. 1892, at the city of Beaver Dam in said county, did unlawfully, knowingly, and designedly and falsely represented himself to the said firm to be responsible, with false pretense aforesaid the said *G. Lueck* did then and there unlawfully, knowingly, and designedly obtain from said Heisler & Deniger, goods and merchandise of the value of eighteen 45–100 ($18.45) dollars of property of said Heisler & Deniger with the intent then and there to defraud; whereas in truth and in fact said *G. Lueck* is not responsible, as said *Fred Heisler* then and there well knew, and prayed that the said *G. Lueck* might be arrested and dealt with according to law."   The warrant is still in the hands of the deputy sheriff, and has not been returned to the justice.

On the part of the plaintiff, it was claimed that the whole criminal proceeding was, on the part of *Heisler*, an attempt to collect his debt by the use of the criminal process, and that the defendant *Schluckebier* knew of that purpose and lent himself to aid and abet it.   There was testimony by the plaintiff and another to the effect that *Schluckebier*, at the time when he made the arrest, had *Heisler's* bill of the goods with him, and informed the plaintiff how much it would cost to pay up and settle.   ...

The defendants offered to prove that the action was being prosecuted by champertous agreement between the plaintiff and his attorneys. The offer was to prove the champertous agreement by cross-examination of the plaintiff, and was made before the plaintiff's case had been rested. An objection to this offer was sustained.

There was a verdict and judgment for plaintiff against both defendants, from which they both appeal.

*James J. Dick*, for the appellants.

For the respondent there was a brief by *Niskern & Engelbracht*, and oral argument by *Perry Niskern*. To the point that the prosecution had been abandoned and it was not necessary that a formal entry of dismissal should be made in the justice's docket, they cited *Brown v. Randall*, 36 Conn. 56, 4 Am. Rep. 35; *Fay v. O'Neill*, 36 N. Y. 11; *Clark v. Cleveland*, 6 Hill, 344; *Pixley v. Reed*, 26 Minn. 80; *Swensgaard v. Davis*, 33 id. 368; *Lowe v. Wartman*, 47 N. J. Law, 413.

NEWMAN, J. Process fair and regular on its face protects the officer who serves it. The converse also is true. Process which is not fair and regular upon its face does not protect the officer who serves it. To be fair and regular upon its face, process must at least contain in some form, however informal and abbreviated, substantially an accusation of a criminal offense. It must state an offense at least colorably, or it is void. *Hall v. Rogers*, 2 Blackf. 429; *Baldwin v. Hamilton*, 3 Wis. 747; *Gelzenleuchter v. Niemeyer*, 64 Wis. 316; *Frazier v. Turner*, 76 Wis. 562. Certainly, then, it cannot be deemed to be fair and regular upon its face if upon its face it appears affirmatively that the facts alleged do not constitute an offense. In either case, it fails to show a subject matter within the jurisdiction of the magistrate. One element necessary to constitute the offense of obtaining goods by false pretenses is

that the seller be deceived by the pretense and part with the goods on the faith of it. The warrant on which the plaintiff was arrested, and the complaint as well, states that the defendant knew at the time the falsity of the pretense alleged. Of course he did not rely upon its truth. He was not deceived by it.

The law under which a process issues is a part of the process. The officer is bound to know what the law is. If his process is bad upon its face, he must take notice of that fact. *Grumon v. Raymond*, 1 Conn. 40; *Lewis v. Avery*, 8 Vt. 289; *Clayton v. Scott*, 45 Vt. 386; *Fisher v. McGirr*, 1 Gray, 1; *Ely v. Thompson*, 3 A. K. Marsh. 70; *Milligan v. Hovey*, 3 Biss. 13; *Sprague v. Birchard*, 1 Wis. 457; *Grace v. Mitchell*, 31 Wis. 533.

So the warrant on which the plaintiff was arrested was not fair upon its face. It showed upon its face that it was issued in a case in which the magistrate had no authority to issue it, and the officer was bound to know its infirmity. He is not protected by the warrant. This makes a clear case for false imprisonment against the defendant *Schluckebier;* and, being unprotected by his warrant, he may be liable for malicious prosecution also upon the same facts, if it also appears that he was a party to a malicious prosecution of the plaintiff by the defendant *Heisler;* for the two causes of action are not incompatible and may be joined in the same action. 14 Am. & Eng. Ency. of Law, 17, and cases cited in note 1.

Whether the defendant *Heisler* is also liable for false imprisonment may be a question of some doubt. He claims, and the testimony in some aspects seems to support his claim, that he had no agency in causing the arrest, beyond the mere making of the complaint; that he neither advised nor asked that a warrant should be issued or served, much less the defective warrant which was issued and served. There are cases which hold that the person making the

complaint is not liable if he state the facts to the magistrate, even if such facts do not authorize the issuance of a warrant. If the magistrate put a wrong construction on such facts, mistaking the law, no one is liable. 7 Am. & Eng. Ency. of Law, 681, and cases cited in note 1. But it would seem that such immunity should shield only those whose complaint is made in entire good faith and without any ulterior unlawful purpose.

But it is not necessary to inquire very carefully whether the defendant *Heisler* is liable for a false imprisonment. Possibly his agency in the arrest under the void warrant was not sufficiently direct and proximate to make him liable on that cause of action. However that may be, the evidence was easily sufficient to support against him the action for a malicious prosecution. The evidence fully justified the jury in finding that he originated and inspired the proceeding, that it was all in his interest, and that his purpose in instigating it was the collection of his debt. This was an unjustifiable use of the criminal process. Its use for that purpose is malicious prosecution. 14 Am. & Eng. Ency. of Law, 48, and note 3; *Spain v. Howe*, 25 Wis. 625.

It was claimed on the trial, and the evidence tends to show, that the defendant *Schluckebier* was a party to this unlawful use of the criminal process; that he had knowledge of *Heisler's* unlawful purpose in starting the prosecution, and, knowing it, acted in his interest so as to aid and abet his unlawful scheme. This, no doubt, makes him liable upon this cause of action. The evidence is sufficient to support the verdict against him on that ground. And if the criminal prosecution was instituted for the purpose of collecting a debt, that fact alone justifies the jury in finding that it was without probable cause. *Kimball v. Bates*, 50 Me. 308; *Paddock v. Watts*, 116 Ind. 146. Besides, both the complaint and warrant show on their face that it was

without probable cause. They both show that *Heisler* knew that no offense had been committed. And the defendant *Schluckebier* was bound to know what the warrant disclosed upon its face.

But it is objected that because the complaint fails to state an offense, and the warrant is void, no prosecution was, in legal contemplation, commenced. But it is no defense to show that the affidavit made by the prosecutor is insufficient in law to authorize a prosecution. *Bell v. Keepers*, 37 Kan. 64; *Stocking v. Howard*, 73 Mo. 25. An action for malicious prosecution may be maintained where the court has no jurisdiction, if the proceedings are malicious and unfounded, and without probable cause, and occasion legal damages to the party accused. *Stone v. Stevens*, 12 Conn. 219.

Again, it is objected that it does not appear that the prosecution is terminated. It is true the warrant is still in the hands and under the control of the defendants. It has not been returned to the justice who issued it. If the right of the plaintiff to maintain an action of malicious prosecution depends on its being returned, there is little probability that it will be returned. So the prosecution is, in effect, ended. It is said that all that is necessary is that the particular prosecution or proceeding shall have been disposed of in such a manner that it cannot be revived, and that the prosecutor, if he intends to proceed further, must institute proceedings *de novo*. 14 Am. & Eng. Ency. of Law, 31. It is clear that if *Heisler* intends to proceed further in prosecution of that alleged offense he must begin anew. The original prosecution has been long abandoned because of the inherent impossibility of proceeding in it. It may safely be held, for the purposes of this action, to be at an end.

Whether the action should be sustained as one for false imprisonment or one for malicious prosecution, in either

Lueck vs. Heisler and another.

case it was a proper case for punitive damages.  *Hamlin v. Spaulding*, 27 Wis. 360.

The opinion or advice of the magistrate is irrelevant on the issue of want of probable cause.  He was not competent to give an opinion.  He was not shown to be either learned in the law or a person admitted to practice.  *Sutton v. McConnell*, 46 Wis. 269.

The offer of defendants to show that the action was being prosecuted by champertous agreement between the plaintiff and his attorneys was made during the cross-examination of the plaintiff and while the plaintiff was making his case. It was refused, apparently, on the ground that it was not proper cross-examination.  The general rule certainly is that the cross-examination of a witness must be restricted to matters brought out on his examination in chief.  If it is desired to examine the witness upon other matters, the cross-examining party must make the witness his own and call him as such.  The offer was not renewed when the defendants had the right to introduce their own evidence. Evidence of the character of that offered was competent to be received in the case, but the order in which evidence shall be received is in the sound discretion of the court.  It cannot be admitted that the defendants had a strict right to have this evidence injected into the plaintiff's case.  Its rejection at that point in the trial cannot be held an abuse of discretion.

It is assigned as error that the court did not instruct the jury specially on the law applicable to the question of probable cause.  It is perhaps a sufficient answer to this objection that the court was not asked to instruct specially upon that question.  *Austin v. Moe*, 68 Wis. 458.  It is not easy to see how the defendants are injured by the court's failure to charge upon that point more fully than it did. A more full charge must have been to the disadvantage of the defendants.  The complaint in the criminal prosecu-

tion showed on its face that there was no probable cause to believe the plaintiff guilty of an offense. Pretenses different from that named in the criminal complaint were attempted to be proved on the trial of this action; but no attempt was made to prove that they were false, or that *Heisler* had any information upon the subject of their truth or falsity. Besides, if the criminal prosecution was inspired by the purpose of collecting the debt, that itself was proof of want of probable cause. More full instructions on this point could have been no benefit to the defendants.

The case seems to be substantially free from errors, and should be affirmed.

*By the Court.*— The judgment of the circuit court is affirmed.