HELLER, Appellant, vs. CLARKE and another, Respondents.

*February 26—March 22, 1904.*

*Justices' courts: Criminal jurisdiction: Milwaukee police court: Constitutional law: Void proceedings: Liability.*

1. Sec. 5, ch. 6, Laws of 1895, divesting justices of the peace in the city of Milwaukee of jurisdiction in criminal cases, and vesting such jurisdiction in the police court of the city, applies to offenses committed outside of the city, but within the county, as well as to those committed in the city.
2. Such legislation does not contravene sec. 2, art. VII, Const.
3. When justices of the peace act in cases of which they have no jurisdiction their proceedings are void and they become trespassers, and as such are liable to any person injured by their acts.
4. A warrant showing upon its face that the justice issuing it has no jurisdiction is no protection to an officer making an arrest thereon.

APPEAL from a judgment of the superior court of Milwaukee county: ORREN T. WILLIAMS, Judge. *Reversed.*

This is an action to recover damages for an alleged false imprisonment. Defendant *Clarke* was a justice of the peace in and for the city and county of Milwaukee, and defendant *McEvoy* was a constable who performed services in Justice *Clarke's* court. On December 8, 1900, complaint was made before defendant *Clarke,* as justice of the peace, against plaintiff, charging that he did on November 14th, in the village of East Milwaukee, commit an assault with intent to

do great bodily harm, and with going armed with a con-
cealed dangerous weapon. The defendant *Clarke,* as jus-
tice of the peace, issued a warrant for plaintiff's arrest, and
he was arrested by defendant *McEvoy* upon this complaint
and warrant, brought before defendant *Clarke* for examina-
tion, and after such examination the complaint charging him
with going armed with a dangerous concealed weapon was
dismissed, but he was bound over for trial, for the offense of
an assault with intent to do great bodily harm, to the mu-
nicipal court of Milwaukee. He was admitted to bail in
the sum of $300. On his refusal and default to furnish bail,
he was committed to the county jail to await trial. Within
an hour after commitment, a writ of *habeas corpus* was ob-
tained, and upon a hearing on the writ plaintiff was dis-
charged.

Previous to the enactment of sec. 5, ch. 6, Laws of 1895,
the criminal jurisdiction of justices of the peace in the city
of Milwaukee was limited to offenses committed in the county
outside of the city of Milwaukee. Under ch. 6, Laws of
1895, the police court of the city of Milwaukee was created,
and given exclusive jurisdiction of offenses against city ordi-
nances, and of such misdemeanors as arose in the city and
which were triable before justices of the peace, and to arrest
and hold over for trial all persons committing offenses not
triable before justices of the peace, the same as justices of
the peace might otherwise do. Sec. 5 of this act provides:

"SECTION 5. No justice of the peace or court commis-
sioner in said city of Milwaukee shall exercise any jurisdic-
tion in criminal cases, but all such jurisdiction is vested in
said police court, and all examinations, recognizances and
commitments for trial from said police court, and from the
other justices of the peace of the county of Milwaukee, in
criminal cases not triable before justices of the peace, shall
be certified, returned and made to the municipal court of the
city and county of Milwaukee instead of to the circuit court,
at or before the time fixed for the appearance of the accused.

All such cases shall thereafter be prosecuted and tried in said municipal court as provided by law in similar cases in the circuit court, and all general provisions of law relating to criminal actions, proceedings and examinations before justices of the peace shall apply to said police court so far as applicable."

The cause was tried twice. In the first trial the verdict was set aside because contrary to the law and the evidence. On the second trial a verdict was rendered for plaintiff, and finding compensatory damages. This verdict was set aside and judgment ordered for defendants. This is an appeal from that judgment.

For the appellant there was a brief by *Lenicheck, Fairchild & Boesel,* and oral argument by *F. T. Boesel.*

For the respondents there was a brief by *W. H. Stafford,* attorney for respondent *Clarke,* and *Churchill & Donovan,* attorneys for respondent *McEvoy,* and *Nath. Pereles & Sons* and *C. F. Hunter,* of counsel, and oral argument by *Mr. Hunter.*

SIEBECKER, J. This appeal presents the question whether the defendant *Clarke,* as a justice of the peace in the city of Milwaukee, had jurisdiction to hear, try, and determine the charge preferred against the plaintiff for an assault and battery alleged to have been committed within the county but outside of the limits of the city of Milwaukee. In *Gilowsky v. Connolly,* 55 Wis. 445, 13 N. W. 444, it was held that, under the constitution of the state, the legislature had the power to deprive justices of the peace in cities and villages of jurisdiction in criminal cases, and vest the jurisdiction in other tribunals. The grounds of this decision need not be repeated. The results of that case were affirmed in *Shaffel v. State,* 97 Wis. 377, 72 N. W. 888. The *Gilowsky Case* determined that the legislation pertaining to the jurisdiction of the municipal court for Milwaukee county which enacted that "no justice of the peace or court commissioner

within said city shall exercise any jurisdiction in any criminal cases, but all such jurisdiction is vested in said court and the judge thereof," did not contravene any of the provisions of the seventh article of the constitution, vesting judicial power in certain courts, among which are justices of the peace, and providing for their election, and that "the justices thus elected shall have such civil and criminal jurisdiction as shall be prescribed by law."

In the subsequent case of *Shaffel v. State,* it was held that ch. 23, Laws of 1895, which created a municipal court for the western part of Waukesha county, called the "Municipal Court for the Western District of Waukesha County," and the provisions of the act divesting justices of the peace in that district of all jurisdiction "in cases of crimes or misdemeanors or breaches of any village or city ordinance, arising within the limits of said county," etc., and vesting it in this municipal court, was valid legislation. The contention of respondents that the jurisdiction of justices of the peace, elected in the city of Milwaukee, over offenses committed outside of the city but within the county could not be vested in the police court, upon the ground that it deprives such justices of jurisdiction outside of the judicial district for which this court is created, is met by the *Shaffel Case.* The act then under consideration deprived justices within the judicial district comprising a part of the county of criminal jurisdiction throughout the county, and vested it in the court of such district. The reasons now advanced against the validity of such legislation suggest no valid grounds to our minds for holding that the conclusions of those cases should not be adhered to. We must hold the justices of the peace of the city of Milwaukee were divested of all criminal jurisdiction under the provisions of the act creating the police court of the city of Milwaukee, and such jurisdiction was vested in that court. It follows that the defendant *Clarke,* as justice of the peace, had no jurisdiction to issue a warrant for ap-

pellant's arrest and to cause him to be taken into custody as set out in the above statement of facts, and that the process was absolutely void.

The trial court held that defendants were not liable because the justice acted in good faith in issuing the process upon the complaint made before him, and causing the plaintiff to be arrested and bound over for trial. The court, it seems, was led to this holding in considering that the recent case of *Robertson v. Parker,* 99 Wis. 652, 75 N. W. 423, modified the rule of former cases in this court, under which justices were held liable in damages to persons who had been taken into custody upon void process issued in their official capacity. The case fails to sustain this interpretation both in its facts and in the terms of the decision. The facts show that the defendant in that case was sought to be held liable to the plaintiff in that action upon the ground that he, as judge of the municipal court of Douglas county, issued a warrant for plaintiff's arrest to answer the charge of abandoning his wife, that he was arrested, brought to trial, and sentenced to imprisonment by the defendant as judge of such court. In law this court had no jurisdiction to try and sentence the accused in that case, but had jurisdiction to cause him to be apprehended and held to bail or committed for trial. It will be observed that the magistrate had jurisdiction to cause the apprehension of the accused and bind him over for trial, but exceeded his powers when he tried and pronounced sentence upon him. This decision particularly discriminates between cases where the magistrate acts wholly without jurisdiction, and those wherein, through judicial error, he takes some steps in the proceeding in excess of his powers. The court says:

"There is a distinction running through many of the cases between a proceeding instituted and carried on by a magistrate, where the initial proceeding failed to secure jurisdiction, or, having secured it, he had lost it by neglect of legal

requirements, and those where jurisdiction has been secured, and, during the progress of the investigation, the magistrate, in view of the situation, decides that he possesses greater power than he actually possesses;" citing *Brosde v. Sanderson,* 86 Wis. 368, 57 N. W. 49; *Frazier v. Turner,* 76 Wis. 562, 45 N. W. 411; and *Lueck v. Heisler,* 87 Wis. 644, 58 N. W. 1101, as sustaining the rule that a magistrate is liable to the party injured by the void process.

These and other cases must be deemed to settle this question in this court to the effect that, when justices of the peace act in cases of which they have no jurisdiction, their proceedings are void, and they become trespassers, and as such are liable to any person injured by their acts. *Gelzenleuchter v. Niemeyer,* 64 Wis. 316, 25 N. W. 442; Cooley, Torts (2d ed.) p. 492.

The warrant upon which plaintiff was arrested showed upon its face that it was issued to apprehend the accused for an offense over which the justice had no jurisdiction, and the officer was bound to know its invalidity. It affords no protection to him in making the arrest. *Lueck v. Heisler,* 87 Wis. 644, 58 N. W. 1101. The plaintiff was entitled to judgment upon the verdict for the amount of the damages found, with costs.

*By the Court.*—The judgment of the superior court of Milwaukee is reversed, and the cause remanded with directions to award judgment in favor of the plaintiff in accordance with this opinion.