167 So.2d 326 (1964)
Harold WATERS, Appellant,
v.
Hollis RAY, Lanas Troxier, George Courson and Ralph Hicks, Appellees.
No. F-121.
District Court of Appeal of Florida. First District.
September 17, 1964.
*327 Howell, Kirby, Montgomery & Sands, Jacksonville, for appellant.
A.M. Crabtree, Jr., Jacksonville, for appellees Hollis Ray, George Courson and Ralph Hicks.
Mathews, Osborne & Ehrlich, Jacksonville, for appellee Lanas Troxler.
RAWLS, Judge.
Appellant-plaintiff Harold Waters appeals from an order dismissing his amended complaint against defendants Hollis Ray, Lanas Troxler, George Courson and Ralph Hicks. *328 Plaintiff's grievances came about by reason of his being tried in the Municipal Court of Callahan, Florida, on December 14, 1962, for the offense of failing to have his vehicle under control and causing an accident on October 14, 1962. Defendant Hollis Ray was mayor and judge for the City of Callahan, defendant Lanas Troxler was the prosecutor, and defendants George Courson and Ralph Hicks were police officers of said city.
Plaintiff's amended complaint seeks to charge defendants Ray, Troxler and Courson with a conspiracy which he alleged resulted in his being falsely imprisoned. He attempts to charge defendant Hicks with false arrest and false imprisonment. Salient allegations of plaintiff's complaint are as follows:
"1. At 10:00 A.M. on December 14, 1962 Plaintiff appeared at the Callahan City Hall to stand trial before Defendant Ray on charges of failing to have his vehicle under control and causing an accident on October 14, 1962 at the signal controlled Callahan intersection of U.S. No. 1 and SR 200 wherein the prosecuting witness, one Alexis Courson, a minor female resident of Callahan and niece of Defendant Callahan Police Officer Courson, drove her Monza Corvair into the left side of Plaintiff's Plymouth.
"2. Trial commenced at 10:15 A.M., Defendant Ray presiding as Judge and Defendant Troxler prosecuting. At about 12:00 noon, almost two hours after the trial started and while Plaintiff was on the witness stand, Defendants Ray, Troxler and Courson held a whispered conference wherein they unlawfully conspired and agreed that they should interrogate Plaintiff on matters not related to the offenses charged and being tried, but on matters that would enable them to arrest Plaintiff on other charges while he was still subject to their power.
"3. Having conceived this plan Defendants Troxler and Ray commenced their inquisition, summarily overruled Plaintiff's attorney's objection thereto, and finally forced Plaintiff to produce his driver's license.
"4. Plaintiff handed his current New York driver's license to Defendant Troxler who in turn handed it to Defendant Ray who in turn handed it to Defendant Courson, and after a second whispered conference between these Defendants, Defendant Ray recessed the Court.
"5. The Court in recess, Defendant Ray maliciously and without warrant or charges made upon oath, and not otherwise acting under process meeting the requirements of law as imposed by our Florida Statutes, ordered Defendant Hicks to arrest Plaintiff for the alleged offense of having an improper driver's license.
"6. Defendant Hicks, with the assistance of Defendant Courson, arrested Plaintiff, issued a ticket placing his bond at $25.00 and set a hearing on the charge at 10:00 A.M. on December 14, 1962, some two hours before Plaintiff was even arrested."
The trial court granted the several defendants' motion to dismiss and this appeal resulted. Each of the defendants urge that the amended complaint as phrased does not state a cause of action. Defendants Ray and Troxler in addition insist that if it should be held that the amended complaint does state a cause of action that they are immune from suit by reason that the events transpired when they admittedly were performing their official duties as judge and prosecutor respectively. Lastly, defendant Hicks insists that he only obeyed the command of the mayor in executing the arrest and that the complaint fails to charge him with any wrongdoing save the carrying out of the judge's orders. We will not belabor defendant Hicks's position. The complaint wholly fails to charge him with the commission of any tort. Being an officer of the court and in attendance at a *329 regular session of same we conclude that Hicks was well advised to obey the command of the presiding judge.
We next consider the amended complaint as it is framed against defendants Troxler and Courson. Plaintiff alleges that these two defendants together with Ray "held a whispered conference wherein they unlawfully conspired and agreed that they should interrogate Plaintiff on matters not related to the offenses charged and being tried, but on matters that would enable them to arrest Plaintiff on other charges while he was still subject to their power." The amended complaint goes on to say that defendant Troxler by interrogating plaintiff forced him to produce his driver's license and that a second whispered conference was held between Judge Ray, Prosecutor Troxler and Officer Courson. The crux of these allegations is that Prosecutor Troxler asked plaintiff Waters some questions about his driver's license and required him to produce same as a result of said conference. Plaintiff Waters was tried on a charge of failing to have his vehicle under control and causing an accident and thus it cannot be said as a matter of law that the interrogation of Waters as a result of a conference between Courson, Ray and Troxler about his driver's license constitutes a civil wrong. Nor can it be said that the alleged objective of Ray, Troxler and Courson to interrogate plaintiff "on matters that would enable them to arrest plaintiff on other charges while he was still subject to their power" denotes any wrongdoing on the part of these defendants. These allegations are vague, indefinite and do not constitute a cause of action against defendants Courson and Hicks.
The amended complaint by alleging that Judge Ray while acting withuot "warrant or charges made upon oath, and not otherwise while acting under process meeting the requirements of law as imposed by our Florida Statutes, ordered Defendant Hicks to arrest Plaintiff for the alleged offense of having an improper driver's license", coupled with the other scattered allegations throughout plaintiff's amended complaint pertaining to the Judge's alleged conduct constituted a cause of action against this defendant and should have required an answer on his part. Thus, we reach Judge Ray's major defense that he was acting in the capacity of a judicial officer and, therefore, was immune from any civil liability from the result of his actions.
Immunity from, or liability for, acts done by a person while acting in a judicial capacity depends upon the existence or nonexistence of jurisdiction. The general rule is if there is jurisdiction no matter how erroneous the decision of the judge may be, no personal liability attaches to him so long as he acts within the scope of his jurisdiction and in a judicial capacity. On the other hand if he acts wholly without jurisdiction his judicial office can afford him no protection. It is well settled that where a judicial officer causes the arrest or detention of a person in a proceeding in which he is acting wholly without jurisdiction, he may be held liable for false imprisonment, for even honesty of purpose cannot justify a clear usurpation of power.[1]
The Florida authorities have concurred with these basic principles. In McDaniel v. Harrell[2] the mayor (judge) of Tallahassee was sued in an action of trespass for false imprisonment as a result of the conviction of the plaintiff for violating an ordinance which was later held to be unconstitutional. The Supreme Court of Florida in analyzing the question of liability of a judge in such circumstances stated that a distinction has been made as to civil liability of a judge of a court of superior general jurisdiction and as to inferior courts of limited jurisdiction. In discussing the distinctions made as between such courts the Supreme Court concluded that there is no basis or reason for any distinction *330 and that the sounder view and rule applicable in this jurisdiction is: "* * * that judges of courts of limited jurisdiction are exempt from civil liability in damages for their judicial acts in all cases where judges of courts of general jurisdiction are exempt from such liability. * * *" and
"It is conceded that a judge of a court of superior or general jurisdiction is not civilly liable for his judicial acts in excess of his jurisdiction when such acts involve affirmative decisions of the fact of the jurisdiction of such court, even though such decisions may be wholly erroneous, provided there is not a clear absence of jurisdiction, and that such exemption will not be affected by any consideration of the motive with which such acts are done. * * *"
So, the question now to be examined is whether defendant mayor-judge Ray acted in this cause in the clear absence of jurisdiction. The amended complaint alleges that during a recess in the course of conducting the trial Judge Ray ordered the arrest of plaintiff for the alleged offense of having "an improper driver's license." There is no law requiring a citizen to have a driver's license. Even in this modern age of whirling wheels there are citizens who do not possess driver's licenses. Such a charge is a nullity on its face and assuming this to be the charge, as we must at this stage of the cause, the defendant judge acted wholly without jurisdiction. Judge Ray insists that Section 168.02, Florida Statutes, F.S.A., viz:
"The mayor may, by his mandate, directed to the city or town marshal, have brought before him, at such time and place within the corporate limits as he may designate, any person charged with a breach of the city or town ordinances * * *".
provides jurisdiction for the issuance of his command. We find nowhere in this amended complaint "* * * any person charged with a breach of the city or town ordinances" which might be applicable to this plaintiff. The charge as we understand it was made during recess of the court by his honor the judge and the charge directed to defendant by the judge was defendant's failure to have a driver's license. It is well settled that an arrest without a warrant for a misdemeanor to be lawful can only be made if the offense was committed in the presence of an officer  that is it must have been within the presence or view of the officer in such a manner as to be actually detected by the officer by the use of one of his senses.[3]
That an action such as is sought to be brought may be maintained under these circumstances is buttressed by the decision of our Supreme Court in Beckham v. Cline.[4] There, the complaint was lodged against an examining committee appointed by the County Judge of Polk County, Florida to determine whether or not the plaintiff was insane. The plaintiff alleged that the committee, without complying with the clear mandate of the law in that it failed to examine her, reported to the court that she was insane. The Supreme Court in holding that the complaint stated a cause of action held that the right of plaintiff to recover lies in the allegation that the committee made no examination of the plaintiff and made a false report to the court as alleged in the declaration and thereby caused her to be confined in a public insane asylum. As we construe this conclusion it is to the effect that the committee in filing its report acted wholly without jurisdiction because it had not secured the jurisdiction of the presence of the person. In the instant cause it is apparent that plaintiff was in the presence of the judge; however, we conclude that the judge was without jurisdiction of the offense and, therefore, his purported actions were beyond his jurisdiction.
Of interest to the instant cause is the opinion of our Florida Supreme Court in *331 Farish v. Smoot.[5] There, the defendant had been arrested and imprisoned on a charge of violating a municipal ordinance. Upon his petition for writ of habeas corpus attacking the sufficiency of the warrant and the validity of the ordinance on which he had been arrested, the defendant was released by the circuit court upon filing with the clerk of the circuit court a bond in the sum of $500.00. The municipal judge ordered the rearrest of the plaintiff upon the same charge as was the subject of the inquiry in the habeas corpus proceeding and directed that the plaintiff be taken into custody and retained until he posted another appearance bond with the city. Subsequently, a judgment was entered in favor of the plaintiff by a suit brought by him against the city judge to recover damages for false imprisonment. The Supreme Court of Florida reviewed at length the rule of immunity applicable to all judges and in affirming the judgment against the city judge stated the law as we find it to be applicable to the instant case as follows:
"That a judge may be civilly liable for acts done without the scope of his jurisdiction is recognized in Beckham v. Cline, 151 Fla. 481, 10 So.2d 419, 422, 145 A.L.R. 705; the Court saying, `Immunity does not apply to protect a judicial officer in a case where such officer causes the arrest and detention of a person in a proceeding in which he is acting without jurisdiction.' * * * `When the judge acts illegally without the limits of his jurisdiction, he becomes a trespasser, and is liable in damages as such. (Cases cited.)' See also De Courcey v. Cox, 94 Cal. 665, 30 P. 95; Stuart v. Chapman, 104 Me. 17, 70 A. 1069; Manning v. Ketcham, 6 Cir., 58 F.2d 948; Brown v. Larimer, 132 Kan. 81, 294 P. 906; Harkness v. Hyde, 31 Idaho 784, 176 P. 885; McCarg v. Burr, 186 N.Y. 467, 79 N.E. 715; Hazen v. Creller, 83 Vt. 460, 76 A. 145; Heller v. Clarke, 121 Wis. 71, 98 N.W. 952; Pomeranz v. Class, 82 Colo. 173, 257 P. 1086; 13 A.L.R. 1345, 1351; 35 C.J.S., False Imprisonment, § 44d, p. 571.
"The reason for the rule is stated in Cooley on Torts (3rd Ed.), pages 805, 806, as follows: `A judge is not such at all times and for all purposes: when he acts he must be clothed with jurisdiction; and, acting without this, he is but the individual falsely assuming an authority he does not possess. * * *"
It is significant that the foregoing principle enunciated by the Supreme Court is treated with more elaboration in Rammage v. Kendall[6] which it cited in Farish with approval. The facts in the Rammage case are quite analogous to those existing here. There, Kendall, while testifying as a witness in the trial of a young man who was charged with the crime of seduction, stated in the county court that he had had sexual intercourse with the young woman who was alleged to have been seduced, upon two different occasions, each of which occurred more than one year prior to the time of the giving of his testimony. The county attorney asked Kendall, "Will you enter a plea of guilty to this court?" Kendall replied, "No; I am guilty of doing what I said I did, but I am not before the court." The county attorney then in a very boisterous tone and manner demanded to know if Kendall was going to enter a plea of guilty and repeated the question two or three times and Kendall continued to insist that he was not upon trial. The attorney representing the defendant protested to the court that Kendall was not upon trial and that the judge had no authority over him since he had not been arrested or charged with any offense; that the statute of limitations barred any prosecution and that if the court proposed to try Kendall it should issue proper papers and upon such event he (defendant's attorney) would represent Kendall. The judge in turn fined Kendall $50.00 *332 and directed the jailer to incarcerate him in default of his paying the fine and costs. The judgment was at a later date reversed by the circuit court and Kendall instituted suit against the county judge for false imprisonment. The jury returned a verdict in favor of the judge upon instructions from the trial court that it should find for appellee if the jury believed that Kendall had pleaded guilty to the crime of fornication while testifying as a witness. In reversing the jury verdict the Supreme Court of Kentucky found upon the facts adduced that a directed verdict of liability should be entered against the judge, and that the jury should have only been concerned with the question of damages. In reaching this conclusion the court stated:
"The appellee, as county judge or judge of the quarterly court, had, without doubt, jurisdiction to try one upon the charge of fornication, if such person was lawfully before the court for that purpose by some one of the methods provided by law. It was, however, necessary that appellee should have jurisdiction of the appellant, as well as the subject-matter of the charge, before he is authorized by law to try and render a judgment against him. To hold otherwise would be to empower judges in ex parte proceedings, when they became satisfied that someone had committed a public offense, to impose a punishment upon such person in his absence and without his knowledge. It would be to deny to a citizen absolutely his constitutional right to have his day in court and due process of law. That the one upon whom a punishment is imposed without the formality of due process of law is actually guilty of the offense for which the punishment is imposed is aside from, and does not affect, the question. From the time of Magna Charta until now neither judges, nor any other authority, have had power to take from one his goods or to deprive him of his liberty, except in accordance with and by the laws of the land. For the orderly and uniform administration of justice, and to protect the citizens in their property, lives, and liberties, the laws have provided that certain requisites must exist before jurisdiction of individuals can be taken, and before jurisdiction of the subject-matter of their controversies can be assumed by the courts. * * *"
The order dismissing the amended complaint as to defendants Ralph Hicks, Lanas Troxler and George Courson is affirmed. As to defendant Hollis Ray the trial court is directed to reinstate the amended complaint.
Affirmed in part and reversed in part.
STURGIS, C.J., and WIGGINTON, J., concur.
NOTES
[1] 22 Am.Jur., False Imprisonment, §§ 52 and 56.
[2] McDaniel v. Harrell, 81 Fla. 66, 87 So. 631, 632 (1921), 13 A.L.R. 1333.
[3] Malone v. Howell, 140 Fla. 693, 192 So. 224 (1939).
[4] Beckham v. Cline, 151 Fla. 481, 10 So.2d 419 (1942), 145 A.L.R. 705.
[5] Farish v. Smoot, 58 So.2d 534, 537, 538 (Fla. 1952).
[6] Rammage v. Kendall, 168 Ky. 26, 181 S.W. 631, 634, L.R.A. 1916C, 1295.