STATE EX REL. McLOGAN, Respondent, vs. BURKE, Appellant.

*October 7—October 26, 1915.*

*Constitutional law: Justices of the peace: Limiting number.*

Under sec. 15, art. VII, Const. (providing that the number and classification of justices of the peace to be elected in towns, cities, and villages shall be regulated by law, and that they shall have such civil and criminal jurisdiction as shall be prescribed by law), the legislature had power (by ch. 468, Laws 1911) to limit the number of justices in cities of the first class to one, leaving that one clothed with extensive civil jurisdiction and many important powers and duties, fixing a moderate salary for him, and imposing no handicap preventing the acceptance of or holding the office. *State ex rel. Burke v. Hinkel,* 144 Wis. 444, distinguished.

APPEAL from a judgment of the circuit court for Milwaukee county: GEO. W. BURNELL, Judge. *Affirmed.*

The judgment appealed from was one of ouster in *quo warranto.*

For the appellant there was a brief by *Glicksman, Gold & Corrigan,* attorneys, and *Joseph E. Tierney,* of counsel, and oral argument by *Mr. Tierney* and *Mr. W. L. Gold.*

For the respondent there was a brief by *Daniel W. Hoan* and *Clifton Williams,* and oral argument by *Mr. Williams.*

TIMLIN, J.   In response to the inquiry by what warrant he claims to hold and exercise the functions of the office of justice of the peace in the city of Milwaukee, the defendant shows that he is one of eleven justices of the peace by former statute authorized to be elected in and to hold and exercise that office in said city and that he holds over after the expiration of the term for which he was elected by force of sec. 15, art. VII, Const.   He contends that his successor was never lawfully elected or qualified, because, although the relator was elected and qualified as sole justice of the peace for said city on a salary as enacted in chs. 468, 423, and 424, Laws 1911, these statutes are in conflict with the constitution of the state and therefore invalid.

Our constitution vests the judicial power of the state in an elective supreme court, elective circuit courts, courts of probate, and justices of the peace; with a further provision to the effect that the legislature may also establish other inferior courts.   Const. art. VII, sec. 2.   Former statutes plainly intended to abolish the office of justice of the peace in said city were held unconstitutional in *State ex rel. Burke v. Hinkel,* 144 Wis. 444, 129 N. W. 393.   The constitution doubtless regards more the well known jurisdiction and duties of this office than the mere name of the office, but the name is also to be preserved.   *State ex rel. Burke v. Hinkel, supra.*   It was doubtless considered that the scheme of a wise and useful state government would be incomplete without a popular peace officer and judicial tribunal near to the people and to which the latter might resort without much delay or expense to maintain the local peace and for the decision of petty private differences.   But it is probable that no one, at the time of the adoption of our constitution, foresaw the effect of the present industrial system in large cities nor the presence

therein of large numbers of industrial nomads who move from ward to ward, city to city, state to state, and also from foreign countries in search of sustenance, and have no property and no substantial interest in local affairs or local government, yet within the very liberal provisions of our domiciliary laws are electors. Eleven justices of the peace for Milwaukee meant one justice to 30,000 or 35,000 people—about ten times the number of people to each justice found in the rural districts. The fee system of compensation, always a temptation to such officers to encourage litigation, multiply costs, and decide in such a way as to tax costs against the party from whom they could be collected, had in the rural districts its baleful influence checked or restrained by the smaller and more stable constituency and by the more intimate acquaintance and "elbow touch" of the officer and electors. In such surroundings the doings of the officer were generally known, discussed, and criticised, and he naturally expected to be, and usually was, held to swift accountability at the next election. In the large cities these restraints were lacking, the reward of wrongdoing was larger, the necessities of the officer more pressing, for the "hand to mouth" style of living was more prevalent. Hence in the large cities the fee system brought this ancient and honorable office into disrepute. There was a known mischief to be remedied. This could have been accomplished by putting these officers on a salary and forbidding them to tax their fees as costs. But the legislature, within the constitution, has the choice of means. There is in the constitution express recognition of the power of the legislature to determine the number of such officers to be elected in any town, village, or city, and also to fix their civil and criminal jurisdiction. Sec. 15, art. VII, Const. Hence, while the legislature might take away all criminal jurisdiction (*Gilowsky v. Connolly,* 55 Wis. 445, 13 N. W. 444), it could not take away substantially all jurisdiction (*State ex rel. Burke v. Hinkel,* 144 Wis. 444, 129 N.

W. 393); and while it could not abolish the office altogether, either directly or by indirection (*State ex rel. Burke v. Hinkel, supra*), we must hold that it could, under its power to fix the number to be elected in any city, fix that number at one, and of course put that one, as it might have put all, upon a salary.    The legislature is always permitted to search the constitution for the limits on its power and to go to, but keep within, these limits.    It is not permissible to disregard these limits either openly and boldly or by plausible subterfuge, but we are not to impute improper motives to the legislature.    This legislation limits the number of the justices in cities of the first class to one, but leaves that one clothed with extensive civil jurisdiction and many important powers and duties, fixes a moderate salary for him, and imposes no handicap preventing the acceptance of or holding the office, and in these it is distinguished from *State ex rel. Burke v. Hinkel, supra*.    At the same time other statutes authorize and establish in said city inferior courts which exercise the jurisdiction formerly conferred on justices of the peace.

*By the Court.*—Judgment affirmed.