STATE EX REL. WIXON, Respondent, vs. CLEVELAND, Appellant.

*October 5—October 24, 1916.*

*Constitutional law: Justices' courts: Jurisdiction.*

Ch. 423, Laws 1911,—providing that justices of the peace shall not, in counties containing a city of the first class, have jurisdiction of garnishment, replevin, or attachment actions or of bastardy proceedings, nor, in cities of the first class, of actions for forcible entry and detainer,—was within the power of the legislature, under sec. 15, art. VII, Const. of Wis., and does not contravene either sec. 9, art. I, Const. of Wis., or amendm. XIV, Const. of U. S.

APPEAL from an order of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

The appeal is from an order sustaining petitioner's demurrer to defendant's return to an alternative writ of prohibition.

The defendant is a justice of the peace in West Allis, a city of the fourth class and one of several cities within Milwaukee county, in which county is also a city of the first class.

The defendant, as such justice of the peace, upon the petition of a resident of West Allis issued a summons in garnishment against the petitioner herein as defendant and his employer, the Allis-Chalmers Manufacturing Company, as garnishee defendant. Upon petitioner's application the circuit court for Milwaukee county issued an alternative writ of prohibition to the defendant upon the ground that his so acting was in violation of ch. 423, Laws 1911. The defendant made return to such writ, alleging in substance as a justification that he was proceeding as such justice of the peace in and for said city of West Allis pursuant to sec. 3716, Stats., relating to garnishment and attachment in justice's court, and in exercise of his judicial power commensurate with the necessities of the people of said city of West Allis and in such a manner as to promote their interests and convenience; that ch. 423, Laws 1911, is unconstitutional in that it is in violation of sec. 15, art. VII, of the Wisconsin constitution and deprives the people of West Allis of certain judicial remedies without substituting in their stead other remedies by which defendant could enforce his judgments and decrees. A demurrer to such return was sustained by the circuit court and an appeal taken.

*Joseph E. Tierney,* for the appellant.

*John S. Kaney,* attorney, and *Clifton Williams,* of counsel, for the respondent.

EscHWEILER, J. The effect of this proceeding is to again challenge the power of the legislature to pass ch. 423, Laws 1911, which provides that in all counties containing a city of the first class, thereby designating Milwaukee county, no justice of the peace in said county shall have jurisdiction or cognizance over the actions of garnishment, replevin, attachment, and bastardy proceedings, and that justices of the peace of the city of Milwaukee shall not exercise jurisdiction in actions of unlawful entry and detainer.

The legislature by ch. 549, Laws 1909, created the civil court of Milwaukee county, designed to take the place, to a large extent, of the courts of justices of the peace in said county. That law provided for holding branches of said court from time to time in different parts of Milwaukee county, which provision would include the city of West Allis and other cities. The jurisdiction taken away by ch. 423, Laws 1911, is now vested in such civil court.

It is contended by defendant in his return that this depriving the justices of the peace of a city like West Allis of their former jurisdiction over the actions specified in said ch. 423 is a serious curtailment of the rights and remedies of the citizens of West Allis and places them at a great disadvantage in that they are compelled to travel to the city of Milwaukee for such relief, and that such legislation is in violation of the rights secured to them by sec. 9, art. I, of the Wisconsin constitution, relating to remedy for wrong. In appellant's brief it is also claimed that his rights secured by the Fourteenth amendment to the United States constitution are violated.

The right of the people to have courts of justices of the peace is firmly secured by sec. 15, art. VII, Const., providing for the election of such officers, but that section also contains the following: "The justices thus elected shall have such civil and criminal jurisdiction *as shall be prescribed by law.*"

In the case of *State ex rel. Burke v. Hinkel,* 144 Wis. 444, 129 N. W. 393, this court held that under this constitutional provision just quoted the legislature could not enact a law which amounted to a practical abrogation of the powers of such justices. On the other hand, it was held in the case of *State ex rel. McLogan v. Burke,* 161 Wis. 429, 154 N. W. 627, that the limitations upon the number and powers of justices of the peace in Milwaukee county prescribed in this precise chapter under question, ch. 423, Laws 1911, and chs. 424 and 468 of the same year, were within the power of the legislature and not unconstitutional. The precise question, therefore, as here raised has already been passed upon and determined by

this court in the case last cited, which involved a still greater restriction upon the powers of the justices of the peace for Milwaukee city than is the situation here and settles the law upon this particular statute.    It necessarily determined that there is no denial of any one's rights under sec. 9, art. I, Const. There is no ground for claiming that it is a violation of the Fourteenth amendment to the federal constitution.

The order of the circuit court should therefore be affirmed.
*By the Court.*—Order affirmed.