## CARAWAY *v.* STATE.

### Opinion delivered March 15, 1920.

1. STATUTES—PRESUMPTION OF NOTICE OF LOCAL BILL.—Where a local bill relating to one county was introduced in the General Assembly, and was subsequently amended to apply to fifteen other counties, and opportunity existed to give notice, as required by the Constitution, it will be presumed that the notice was given to all the counties.

2. CONSTITUTIONAL LAW — CLASS LEGISLATION.—Special Acts 1919, page 131, making it unlawful to operate any billiard hall or poolroom for hire within three miles of any school or church in certain counties, *held* not violative of Constitution, article 2, section 18, denying to the General Assembly the right to grant any citizen or class of citizens privileges or immunities not applying to all on the same terms.

3. NUISANCES—BILLIARD AND POOL HALLS.—A statute prohibiting billiard and poll halls within three miles of a church or schoolhouse in certain counties is not arbitrary or unreasonable, nor is it confiscatory of property used in a business on which a city license tax (as well as the Federal war tax) had been paid pursuant to an ordinance which was valid when passed.

4. NUISANCES — PENALTY — LIABILITY OF CORPORATIONS.—In Special Acts 1919, page 131, making it unlawful for any person or corporation to operate any billiard hall for hire within three miles of a school or church in certain counties, and imposing a penalty on any "person" violating the act, the word "person" includes corporations.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; affirmed.

*J. E. London,* for appellant.

The statute is invalid because it was a local act, and no notice was given, and the law is mandatory. The act is arbitrary and unreasonable. 116 Ark. 390; 29 Cyc.

1152. The Legislature can not take away any right or privilege without showing a reason for so doing. A billiard or pool room is not *per se* a nuisance. 29 Cyc. 1167; 112 Ill. App. 376; 102 S. W. 291. The act denounces no penalty on a corporation for operating a pool hall, but only imposes a penalty against an individual who violates the statute. The statute is unconstitutional and void. 117 Ark. 54; 110 *Id.* 204; 75 *Id.* 542. It is special legislation and an arbitrary and unreasonable classification which confers privileges and immunities on certain persons which are denied to others and violates article 23, section (1), of our Constitution. 163 Ind. 671; 72 N. E. 854; 168 Ind. 671; 178 *Id.* 198; 239 U. S. 33; 238 *Id.* 56; 240 *Id.* 55; 241 *Id.* 79; 179 Ind. 275; 245 Fed. 917.

2. The act is discriminatory. 75 Ark. 546. It conflicts with article 2, section 18, Constitution. 37 Ark. 356; 53 *Id.* 490; 3 *Id.* 356; 60 *Id., Galloway* v. *State;* 60 *Id.* 600; 24 *Id.* 76; 91 U. S. 275; 102 *Id.* 123; 120 *Id.* 489; 184 *Id.* 540. The exercise of the police power is subject to the supervision of the courts and is void when it violates constitutional rights. 71 Ark. 556, 561.

3. The presumption is conclusive that due notice of the bill was given. 141 Ark. 140; 48 Ark. 370; 32 Miss. 690; 71 Ark. 561.

*John D. Arbuckle,* Attorney General, and *Robert C. Knox,* for appellee.

1. Courts presume the lawful notice was given. 116 Ark. 390. The latter case is well sustained and the power granted the State under its police powers to regulate pool halls, etc., is unquestioned. 225 U. S. 623; 86 Pac. 449; 82 *Id.* 526; 30 N. H. 279; 64 Neb. 369; 25 S. W. 202; 32 N. J. Law 158; 3 Metc. 130; Freund on Police Powers, § 193; 30 N. H. 279; 94 Ark. 27.

2. Social legislation is not invalid because it does not apply to the whole State, when it affects all persons similarly situated in the same manner. 80 Ark. 333; 110 *Id.* 204; 112 *Id.* 343; 117 *Id.* 154; 81 *Id.* 204; 85 *Id.* 464; 102 *Id.* 131; 101 U. S. 22; 173 *Id.* 27; 199 *Id.* 445; 136 S.

W. 260; 153 Pac. 537, and many others. The rule is well settled.

SMITH, J. At the regular 1919 session of the General Assembly the following act was passed:

"Section 1. That hereafter it shall be unlawful for any person or corporation to operate for hire any billiard hall or pool room within three miles of any school or church house in Lawrence, Crawford, Hot Spring, Independence, Washington, Sevier, Scott, Saline, Clay, Stone, Sharp, Lonoke, Lafayette, Marion, Perry and Conway counties.

"Section 2. Be it further enacted, that any person violating section 1 of this act shall be deemed guilty of a misdemeanor, and upon conviction shall be fined in any sum not less than fifty ($50) dollars, nor more than two hundred ($200) dollars each day that said section 1 is violated shall be a separate offense." Act 88, Special Acts 1919, page 131.

Thereafter appellant was tried in the Crawford Circuit Court upon the following agreed statement of facts: "That W. B. Caraway, the defendant, is a resident of the town of Alma; that he owns and was operating a pool and billiard hall in Alma for hire at the time the statute was passed prohibiting the running of pool and billiard halls in three miles of any church or school house in Crawford and fourteen other counties in Arkansas, and that Alma is in Crawford County.

"That he had paid his city license fee and his war tax; that when this bill went into force he closed up his pool hall, but in August opened it up and run one full day in violation of said bill; that he was arrested, and fined $50 by Charles Faber, a justice of the peace for Alma township, and appealed to the circuit court of Crawford County, and the case now stands for trial in that court. That he opened his place of business and ran it for hire one day for the purpose of testing the bill passed by the 1919 General Assembly; that his pool hall is within less than three miles of a church house and of a school house."

After hearing the case the court assessed a fine of $50, and this appeal is from that judgment.

It is shown by the legislative journals that the bill as originally introduced applied only to Lawrence County, but after its second reading it was amended to include the other counties now found in it, and it is insisted that the act is void because no notice was given of the intention to introduce it, and that if a presumption to the contrary is to be indulged, the presumption can only be that the notice conformed to the bill introduced and that, therefore, notice was given only in Lawrence County and the bill is valid only insofar as it applies to that county.

In reply, it must be answered that opportunity existed for giving the notice, and it must be presumed, therefore, that it was given (*Booe* v. *Road Imp. Dist. No. 1*, 141 Ark. 140), and if that presumption is to be indulged in regard to Lawrence County it is equally applicable to the other counties, and if such notices were given the Legislature might well have decided to enact the legislation by a single bill, rather than by fifteen separate bills.

It is urged by the Attorney General that the bill under review is not a local bill within the meaning of the provision of the Constitution requiring notice to be given; but, having disposed of the question of notice on another ground, we do not decide that point.

It is said that the act offends against section 18, article 2, of the Constitution, which denies to the General Assembly the right to grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally apply to all citizens. But counsel is mistaken in this. All persons affected by the act are affected in the same manner. No citizen living in or out of the counties named in the act can operate a billiard room within the prohibited area; but any of the citizens in that area have the right any other citizen of the State has to operate billiard halls in territory where their operation is not prohibited.

It is said the act is arbitrary and unreasonable, and will result in the practical confiscation of property used in a business upon which a city license tax had been paid (together with the Federal war tax) pursuant to an ordinance which was valid at the time it was passed. These and other arguments question the right of the Legislature to pass the act.

These questions have been frequently decided, and adversely to appellant's contention. A late case in which these questions were raised is that of *Murphy* v. *People of the State of California*, 225 U. S. 623 (56 L. Ed. 1229). It was there pointed out that such regulations furnish early instances of the exercise of the police power by cities, as Lord Hale had in 1672 (*Rex* v. *Hall*, 2 Keble 846) upheld a municipal by-law against keeping bowling alleys because of the known and demoralizing tendency of such places. That case also disposes of the contention that the act will inflict a loss of property upon appellant. It was there said: "Under the laws of the State, South Pasadena was authorized to pass this ordinance. After its adoption, the keeping of billiard or pool tables for hire was unlawful, and the plaintiff in error can not be heard to complain for the money loss resulting from having invested his property in an occupation which was neither protected by the State nor the Federal Constitution, and which he was bound to know could lawfully be regulated out of existence."

It is insisted here, as it was insisted there, that the Legislature had no right to declare a thing a nuisance which was not one *per se,* but that insistence was answered in that case, where it was said: "But it may become such; and the regulation or prohibition need not be postponed until the evil has become flagrant." The brief on behalf of the State cites many other cases to the same effect.

But we have ourselves decided the question in the case of *Dardanelle* v. *Gillespie,* 116 Ark. 390. It is true the question there presented was that of the validity of a town ordinance prohibiting the keeping of a pool

hall; but it was there insisted that whether or not a thing is a suppressible nuisance is a question of fact, and never one of law. We held the ordinance void because authority to enact it had not been conferred by the Legislature; but we expressly recognized the complete control of the Legislature over the subject, and said the Legislature might declare the keeping of a pool hall to be unlawful, or might confer upon town councils the authority to prohibit them.

It is finally insisted that the act is void because it is made unlawful for any person or corporation to operate a billiard or pool hall for hire, while the penalty for its violation is imposed only on persons who violate it.

The same contention was made in the case of *Overland Cotton Mill Co.* v. *People*, 75 Pac. 924, where a statute similar in the respect mentioned was under review, but the Supreme Court of Colorado said: "*Prima facie* the word 'person' in a penal statute, which is intended to inhibit an act, means 'person in law' (that is, an artificial as well as a natural person), and, therefore, includes corporations if they are within the spirit and purpose of the statute."

As holding that a corporation is a person within the meaning of similar statutes, see cases cited in volume 6, Words & Phrases, p. 5327, and volume 3 (N. S.), Words & Phrases, pages 984-991.

We have a statute on the subject which provides: "* * * Words used in the masculine gender include the feminine and neuter; the singular number includes the plural, and the plural the singular; the word person includes a corporation as well as a natural person. * * *" Section 7799, Kirby's Digest.

Moreover, if the statute did not impose a fine on a corporation owning a billiard room operated in violation of the law that would afford no immunity to appellant. He was indicted and convicted as an individual, and so might any individual be who operated a billiard room for a corporation in violation of law. Judgment affirmed.