FORT SMITH LIGHT & TRACTION COMPANY *v.* BOARD OF IMPROVEMENT OF PAVING DISTRICT No. 16.

Opinion delivered October 19, 1925.

1. STATUTES—LOCAL ACT—PRESUMPTION OF NOTICE.—Though Acts 1923, No. 680, was introduced as a general bill and was later converted into a local bill by amendment, it will not be presumed that the notice of intention to apply for the act required by Const., art. 5, § 26, was not given.

2. CONSTITUTIONAL LAW—ARBITRARY CLASSIFICATION.—Acts 1923, No. 680, providing for paving of streets between the rails of defendant company, *held* not to violate Federal or State Constitution as being an arbitrary classification of one company, where there was only one street car company in that locality.

3. CONSTITUTIONAL LAW—IMPAIRMENT OF OBLIGATION OF CONTRACT.— Where defendant street car company surrendered its charter and operated under an indeterminate permit from the State, under Acts 1919, No. 571, *held* that Acts 1923, No. 680, imposing the duty of paving the streets between defendant's rails did not impair the obligation of any contract between defendant and the State.

4. STATUTES—SPECIAL ACT CONFERRING CORPORATE POWER.—Const., art. 12, § 2, providing that the General Assembly shall pass no special act conferring corporate power on corporations, except in certain cases, does not prohibit an act imposing a burden on a corporation.

5. CONSTITUTIONAL LAW—POWER TO ALTER CHARTERS.—Acts 1923, No. 680, imposing on street car company the duty of paving between rails, *held* not to impose an unjust burden on such company and not to be void as imposed in bad faith or through oppression.

Appeal from Sebastian Circuit Court, Fort Smith District; *John E. Tatum,* Judge; affirmed.

*Hill & Fitzhugh* and *R. M. Campbell*, for appellant.

*G. L. Grant, George W. Dodd* and *Daily & Woods*, for appellee.

HUMPHREYS, J.    This suit was instituted by appellee against appellant in the Fort Smith District of Sebastian County under authority of Act No. 680 of the acts of 1923, to recover $11,272.97 for paving that portion of certain streets occupied by appellant's street railway. The act, as originally introduced, was general in its nature, applying to all street railways of a certain class in the State, but, as finally passed, was a local act, aimed at the street railway system being operated in the Ft. Smith District of Sebastian County, and in a part of Crawford County.    The act, as passed, imposed the duty on appellant company, and under certain conditions and upon notice, to pave the streets between its rails and to the end of its ties; and, upon failure to do so, permitted the improvement district in which the tracks were laid to pave the spaces between the rails and to the ends of the ties at the expense of the street railway company. Appellee complied with all the provisions of said act. Appellant refused to comply with the notice and to do the paving.    Appellee then paved that portion occupied by the street railway of appellant at a cost of $11,272.97.

The cause was submitted to the court, sitting as a jury, upon the pleadings and testimony, from which the court made the following finding:    "That the expenditure so made by the plaintiff (appellee) was justified and necessary under the facts; that the condition of the pavement between the rails and to the end of the ties of the tracks of the defendant (appellant) on said three streets was such that it was necessary and proper for the plaintiff to do said work and to expend said sums of money."

Appellant's main defense to the action was the alleged invalidity of act No. 680 of the Acts of 1923, which was made the basis of the suit. Appellant attacked the constitutionality of the act upon the grounds: first, that notice of the intention to apply for the act was not given in the locality to be affected thirty days prior to

the introduction of the bill into the General Assembly as required by article 5, § 26, of the Constitution of Arkansas; second, that the act offends against the Fourteenth Amendment to the Federal Constitution and the State Constitution in being an arbitrary classification in operating on one company alone, while another company in the same classification is exempted from its terms; and third, that the act was in violation of the Federal and State Constitutions prohibiting the impairment of the obligations of contracts.

(1)    The act in question was a local bill passed at a regular session of the Legislature. It is true that it was introduced as a general bill and by amendment converted into a local bill, but this does not prove that notice was not given in apt time that application would be made for the local bill. Many general bills are converted by amendment into local bills before passage, and the presumption must be indulged that proper notice was given under the rule announced in *Caraway* v. *State,* 143 Ark. 48. The rule is that where opportunity existed for giving the notice it must be presumed that it was given.

(2)    The act does not offend against the clause of the Constitution inhibiting discrimination between parties similarly situated, because there is only one street railway in that particular locality. There is no other street car line in that particular locality to be classified; so the doctrine of classification has no application.

(3)    Prior to the passage of act No. 571 of the Acts of the General Assembly of 1919, appellant operated its street railway system under charters from the cities of Fort Smith and Van Buren, which were of a contractual nature, made subject, however, to art. 12, § 6, in our State Constitution. *Camden* v. *Arkansas Light & Power Co.,* 145 Ark. 205. Under the provisions of said act 571 of 1919, appellant surrendered its charter rights and accepted an indeterminate permit from the State to operate its street railway system and is still operating its system under said permit. Learned counsel for appellant now contend that appellant exchanged its

privileges and burdens under its original franchises of the cities for its indeterminate permit to do business, and that the State could not thereafter impose any of the original burdens contained in the franchises upon it without impairing the obligation of its contract with the State, and that act No. 680 of 1923, which imposes the duty of paving the streets between its rails and to the ends of its ties, is void because repugnant to the clauses of the Federal and State Constitutions, prohibiting the impairment of contracts. We cannot agree with counsel in this position. The indeterminate permit was granted just as the original franchises, subject to art. 12, § 6, of our Constitution, which is as follows:

"The General Assembly shall have the power to alter, revoke and annul any charter of incorporation now existing and revocable at the adoption of this Constitution or any that may be hereafter created, whenever, in their opinion, it may be injurious to the citizens of the State, in such manner, however, that no injustice shall be done to the corporation."

A statute of Connecticut similar to act No. 680, Acts of 1923, was upheld as being within the reserved powers of the State to amend charters which had theretofore been issued to corporations to do business therein. *Fair Haven & W. R. Co.* v. *New Haven,* 75 Conn. 442, affirmed by the Supreme Court of the United States in *Fair Haven & Westville Rd. Co.* v. *City of New Haven,* 203 U. S. 379. Learned counsel for appellant contend, however, that, because "corporations may be formed under general law, which law may, from time to time be altered or repealed" (§ 6, article 12, of the Constitution); and because "the General Assembly shall pass no special act conferring corporate powers," except in certain cases (§ 2, article 12, of the Constitution), the General Assembly cannot amend charters by special or local act. The inhibition is that the General Assembly cannot confer corporate powers by special act. The act in question did not attempt to confer corporate powers upon appellant, but to impose a burden within the re-

served powers of the State upon it.    The Constitution does not prohibit this from being done.    Of course, the reserved power of the State to alter, revoke or annul charters issued to corporations has its limitations. It was said in the case of *Davis, State Bank Commr., v. Moore,* 130 Ark. 135, "That provisions of the Constitution has been construed by this court to empower the lawmakers of the State to amend or revoke charters granted to corporations, without any restriction except that 'no injustice shall be done to the corporators.' "   In discussing the exercise of this reserved power, other courts have said that alterations in the charters must be reasonable; that they must be made in good faith; that they must be consistent with the scope and object of the act of incorporation, and that such burdens must not be imposed through oppression or wrong.   We have examined the record carefully, and do not think that the burdens imposed by said act No. 680, Acts of 1923, are unreasonable, or that they were imposed in bad faith, or through oppression and wrong.    The burden laid by this act was just such a burden as the franchises imposed under which appellant operated and with which it had complied before it surrendered them and accepted the indeterminate permit.    The proof revealed that some of the street railways operated in the State are compelled to pave the streets between their tracks and to the ends of their ties when the streets in which they operate are required to be paved.   It appears that the work was done in an economical manner.    The old foundation between the tracks on Garrison Avenue was utilized. There is evidence tending to show that the condition of the pavement between the tracks needed rebuilding. The evidence is sufficient to support the findings of the court.

No error appearing, the judgment is affirmed.