FORT SMITH LIGHT AND TRACTION COMPANY *v.* BOARD OF IMPROVEMENT OF PAVING DISTRICT NO. 16 OF THE CITY OF FORT SMITH.

ERROR TO THE SUPREME COURT OF THE STATE OF ARKANSAS.

No. 269.   Submitted March 17, 1927.—Decided May 16, 1927.

1. Under the power reserved by the Arkansas Constitution to alter any corporate charter, the legislature may require a street railway which has surrendered its franchise for an indeterminate permit, to pave the streets between its rails. P. 389.

2. Such exercise of a reserved power to amend corporate charters by a requirement which might have been in the original charter and has some reasonable relation to the object of the grant and the duty of the State to maintain the highway is consistent with the Due Process Clause of the Fourteenth Amendment. P. 390.

3. The imposition of burdens, otherwise legitimate, upon a public service company cannot be held invalid as confiscatory because it is operating at rates which do not allow an adequate return. P. 390.

4. A state law requiring the street railway in a particular municipality to do paving not required of other street railways elsewhere in the State not shown to be similar to it with respect to the location, use and physical character of the streets occupied by them, is not a denial of the equal protection of the laws. P. 391.

5. The Fourteenth Amendment does not require the uniform application of legislation to objects that are different, where those differences may be made the rational basis of legislative discrimination. P. 391.

169 Ark. 690, affirmed.

ERROR to a judgment of the Supreme Court of Arkansas which affirmed a judgment recovered by the Improvement Paving District in its action against the Traction Company. The judgment was for the amount expended by the plaintiff for street paving which defendant had declined to perform though required by statute.

*Messrs. Joseph M. Hill, Henry L. Fitzhugh,* and *R. M. Campbell* for plaintiff in error.

*Messrs. John P. Woods* and *Harry P. Daily* for defendant in error.

MR. JUSTICE STONE delivered the opinion of the Court.

Defendant in error, a board of improvement incorporated by the State of Arkansas, brought suit in the Circuit Court of Sebastian County, to recover the cost of paving a part of certain streets in Fort Smith, Arkansas, occupied by the street railway of plaintiff in error. Plaintiff in error originally operated its railway under a franchise requiring it to do similar paving and limiting it to a maximum fare of five cents per passenger. Availing of the permission granted by No. 571 of the Acts of Arkansas, 1919, amended by No. 124 of 1921, the company had surrendered in that year its franchise for an indeterminate permit to operate its road. The permit did not fix a maximum fare or require the railway to pave

parts of the streets occupied by its tracks, but subjected it to the regulatory powers of a utilities commission.

In 1923 the legislature passed a statute, Acts of Arkansas, 1923, No. 680, requiring plaintiff in error under certain conditions which have occurred, to pave the streets between its rails to the end of the ties. In the event of its failure to do so, the improvement district was authorized to do the paving at the expense of the railway. The act is in form a general statute, but by reason of provisions making it applicable to street railways operating under indeterminate permits in cities of the first class other than in Miller County, it in fact applied to plaintiff in error alone.

Plaintiff in error having failed to do the required paving, the board completed the improvement and brought the present suit. The company by answer set up that the statutory requirements of paving impaired the obligation of its contract with the state, in violation of Art. I, § 10 of the Federal Constitution, and deprived it of property without due process of law and denied the equal protection of the laws guaranteed by the Fourteenth Amendment. The judgment of the circuit court for defendant in error was affirmed by the Supreme Court of the state. 169 Ark. 690. The case is here on writ of error. Jud. Code, § 237, as amended.

It is urged that the acceptance of the indeterminate permit under the Act of 1919 constituted a contract between the railway and the state by which the state bound itself not to impose any added burdens except in the exercise of its police power; that the requirement for street paving was not an exercise of the police power and was therefore a forbidden impairment of the contract. This contention assumes that the permit exempted the railway from paving costs. But no such exemption appears in the permit. Provisions of this character are not lightly to be read into a contract between a state and a

public utility. *Public Service Co. v. Durham,* 261 U. S. 149, 152. Even granting the assumption, the case of *Fair Haven R. R. v. New Haven,* 203 U. S. 379, is a complete answer. There this Court held that a general law imposing on a street railway the duty to repair so much of the streets as was occupied by its tracks was an exercise of the power reserved to the state to alter, amend or repeal the original charter and was not an impairment of the obligation of contract. That case controls here since § 6, Art. XII of the Constitution of Arkansas, in force at the time when plaintiff relinquished its franchise and accepted the permit, reserved to the legislature the power to alter any corporate charter. See also *Sioux City Street Ry. v. Sioux City,* 138 U. S. 98.

Assuming the exercise of the power of amendment is subject to the limitation of the due process clause of the Fourteenth Amendment, *Shields v. Ohio,* 95 U. S. 319, 324; *Stanislaus County v. San Joaquin Co.,* 192 U. S. 201, 213, that limitation, as was held in *Fair Haven R. R. v. New Haven, supra,* is not transcended by a requirement which might have been included in the original charter and which has some reasonable relation to the object of the grant and to the duty of the state to maintain its highways. Cf. *Southern Wisconsin Ry. v. Madison,* 240 U. S. 457; *Great Northern Ry. v. Clara City,* 246 U. S. 434.

It is said that the act in its application is confiscatory because plaintiff in error must bear this expense although it is losing money in the operation of its road at the rates for service now prevailing. But the imposition of burdens, otherwise legitimate, upon a public service company cannot be held invalid as confiscatory because the permitted rate does not allow an adequate return. *Woodhaven Gas Light Co. v. Public Service Commission,* 269 U. S. 244; *Milwaukee Elec. Ry. v. Milwaukee,* 252 U. S.

100, 105. Whether the rate is confiscatory is not before us.

It is also contended that as there are other street railways in the state, some operating under franchises and one under an indeterminate permit, which are not required to do street paving, the challenged act denies the equal protection of the laws. The Fourteenth Amendment does not prohibit legislation merely because it is special, or limited in its application to a particular geographical or political subdivision of the state. See *Missouri* v. *Lewis,* 101 U. S. 22, 31; *Missouri Ry.* v. *Mackey,* 127 U. S. 205, 209; *Mason* v. *Missouri,* 179 U. S. 328; *Mallett* v. *North Carolina,* 181 U. S. 589; *Hayes* v. *Missouri,* 120 U. S. 68; cf. *Walston* v. *Nevin,* 128 U. S. 578; *Williams* v. *Eggleston,* 170 U. S. 304; *Condon* v. *Maloney,* 108 Tenn. 82; *Owen* v. *Sioux City,* 91 Ia. 190; *Strange* v. *Board,* 173 Ind. 640; *Tenement House Dept.* v. *Moeschen,* 179 N. Y. 325; *People ex rel. Armstrong* v. *Warden,* 183 N. Y. 223; *State ex rel. Wixon* v. *Cleveland,* 164 Wis. 189; *Davis* v. *State,* 68 Ala. 58; but cf. *State ex rel. Johnson* v. *Chicago, Burlington & Quincy R. R.,* 195 Mo. 228. If a state may delegate to a municipality power to require paving by a street railway located within its limits, *Public Service Co.* v. *Durham, supra,* we perceive no reason why it may not, by a legislative act, make a like requirement limited to a single municipality.

Nor need we cite authority for the proposition that the Fourteenth Amendment does not require the uniform application of legislation to objects that are different, where those differences may be made the rational basis of legislative discrimination. There is nothing in the record now before us to show that there is any similarity of plaintiff's road to others in the state with respect to many considerations which might reasonably determine which roads should be required to do street paving. Differences

in location, use and physical character of the streets, the extent to which paving has been completed and local methods of assessing benefits for street paving, are some of the considerations which might reasonably move the legislature to require street paving of one road or several and not of others. Cf. *Metropolitan Street Ry.* v. *New York,* 199 U. S. 1, 46, 47; *N. Y., N. H. & H. R. R.* v. *New York,* 165 U. S. 628; *Erb* v. *Morasch,* 177 U. S. 584, 586; *Savannah, Thunderbolt Ry.* v. *Savannah,* 198 U. S. 392. We may not assume in the absence of proof that such differences do not exist. *Erb* v. *Morasch, supra; Middleton* v. *Texas Power & Light Co.,* 249 U. S. 152, 158; *Swiss Oil Corp.* v. *Shanks,* 273 U. S. 407.

There are no facts disclosed by the record which would enable us to say that the legislative action with which we are here concerned was necessarily arbitrary or unreasonable or justify us in overruling the judgment of the state court that it was reasonable. *Public Service Co.* v. *Durham, supra,* 154.

*Judgment affirmed.*